Hector S. AMAYA, Petitioner-Appellant,

v.

U. S. BOARD OF PAROLE,
Respondent-Appellee.

No. 72–3142.

United States Court of Appeals,
Fifth Circuit.

Nov. 9, 1973.

Roland C. Anderson, Strasburger, Price, Kelton, Martin & Unis, Dallas, Tex. (court appointed), for petitioner-appellant.

Alfred C. Aman, Jr., Atlanta, Ga., for Jesus Rolon Marxauch, and others amicus curiae.

William S. Sessions, U. S. Atty., San Antonio, Tex., Ronald F. Ederer, Asst. U. S. Atty., El Paso, Tex., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and RONEY and GEE, Circuit Judges.

GEE, Circuit Judge:

■ We determine in this case that one convicted under the now-repealed 21 U.S.C.A. § 174,[1] at a time when the also now-repealed 26 U.S.C.A. § 7237(d)[2] prohibited his consideration for parole, can be considered for parole under 18 U.S.C.A. § 4202.[3]

Amaya was convicted and sentenced to a term of seven years' imprisonment, which he presently is serving in La Tuna Federal Correction Institute at Anthony, on the Texas-New Mexico border. Under 18 U.S.C.A. § 4202, Amaya would have been eligible for consideration for parole after serving one-third of his sentence; but 26 U.S.C.A. § 7237(d) precluded application of § 4202 to Amaya's situation. Congress repealed the old laws with the Comprehensive Drug Abuse Prevention and Control Act of 1970 (CDAPCA). P.L. 91–513, Oct. 27, 1970, 84 Stat. 1236, et seq., 21 U.S. C.A. § 801, et seq., effective May 1, 1971.[4]

No provision in the present law bars Amaya's application for consideration of parole, unless it is the specific savings clause found in the CDAPCA, § 1103(a):[5]

> *Prosecutions* for any violation of law occurring prior to the effective date of section 1101 [May 1, 1971] shall not be affected by the repeals or amendments made by such section or section 1102, or abated by reason thereof. (emphasis added).

or the general savings statute, 1 U.S.C. A.· § 109:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, un-

---

1. § 174 provided:

"If any person fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or assists in so doing, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported contrary to law, such person shall upon conviction be fined not more than $5,000 and imprisoned for not more than ten years. Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

2. § 7237(d) provided:

"(1) of any offense the penalty for which is provided in subsection (b) of this section, subsection (c), (h), or (i) of section 2 of the Narcotic Drugs Import and Export Act, as amended, or such Act of July 11, 1941, as amended, or

(2) of any offense the penalty for which is provided in subsection (a) of this section, if it is the offender's second or subsequent offense, the imposition or execution of sentence shall not be suspended, probation shall not be granted and in the case of a violation of a law relating to narcotic drugs, section 4202 of title 18, United States Code, and the Act of July 15, 1932 (47 Stat. 696; D.C.Code 24–201 and following), as amended, shall not apply."

3. § 4202 provides:

"A Federal prisoner, other than a juvenile delinquent or a committed youth offender, wherever confined and serving a definite term or terms of over one hundred and eighty days, whose record shows that he has observed the rules of the institution in which he is confined, may be released on parole after serving one-third of such term or terms or after serving fifteen years of a life sentence or of a sentence of over forty-five years."

4. § 1101 of the Act, 84 Stat. 1291–1292, expressly repealed the old 21 U.S.C.A. § 174 and 26 U.S.C.A. § 7237. Those provisions were replaced by §§ 1009–1012, 84 Stat. 1289–1291, 21 U.S.C.A. §§ 959–965.

5. 84 Stat. 1294. The section is evidently not codified in the United States Code. But see 21 U.S.C.A. § 174, Historical Note.

less the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability. The expiration of a temporary statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the temporary statute shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

The issue then is whether either of these savings clauses prevents the application of 26 U.S.C.A. § 7237 to one convicted of violating 21 U.S.C.A. § 174 prior to May 1, 1971.

In Bradley v. United States, 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973), the Supreme Court, after deciding that sentencing is part of the concept of prosecution and thus that the new sentencing provisions of the CDAPCA were inapplicable to a person convicted under the old law, expressly left open the question of the availability of parole under the general parole statute, 18 U.S.C.A. § 4202. 410 U.S. at 611, 93 S.Ct. 1151, 35 L.Ed.2d at 534. Several of our sister circuits have considered the question. We now align ourselves with the courts which have decided that neither 1 U.S.C.A. § 109 nor ·§ 1103 (a) of the CDAPCA precludes application of 18 U.S.C.A. § 4202 to one convicted under the old act.[6] Marrero v. Warden, 483 F.2d 656, (3d Cir., 1973) (13 Cr.L.Rept. 2557). United States v. Marshall, 485 F.2d 1062 (D.C.Cir., 1973); see also, United States v. McGarr, 461 F.2d 1 (7th Cir., 1972); contra, United States v. Simone, 468 F.2d 1196 (2d Cir., 1972).

■ ■ Section 1103(a) saves only prosecutions for infractions committed before May 1, 1971. We conclude that, because of the character of parole in our penalogical system and in light of the Supreme Court's statement in Bradley that the decision to grant parole under Section 4202 occurs "long after sentence has been entered and the prosecution terminated," 410 U.S. 605 at 611, 93 S. Ct. 1151 at 1156, 35 L.Ed.2d at 534 fn. 6,[7] "prosecution" under § 1103(a) does not include the § 4202 parole eligibility decision. Additionally, we conclude that 1 U.S.C.A. § 109 does not preclude § 4202 parole eligibility. We agree with the analysis of the Court in Marrero:

. This general savings statute was intended to obviate the common law's technical abatement of a prosecution by the repeal of the statute under which it proceeded. Hamm v. Rock Hill, 379 U.S. 306, 314, 85 S.Ct. 384, 13 L.Ed.2d 300 (1964). Therefore, the statute's purpose would not be furthered by applying it to preclude Marrero's parole eligibility under § 4202. His conviction and sentence will remain intact even if he is paroled. We therefore hold that permanent parole ineligibility is not a "penalty" incurred under § 7237(d). We read § 7237(d)'s preclusion of parole as a dated legislative judgment as to the manner by which the actual penalty, i. e., the prison sentence, should be effectuated. To read it otherwise would preclude carrying out the apparent congressional judgment, in repealing the parole ban, that the rehabilitative goals of the criminal justice system will be furthered by parole . . . To the extent parole aids prisoner rehabilitation and conse-

---

6. The Board of Pardons and Parole's practice of considering for parole only those prisoners (convicted under the old law) held in prisons within the geographical limits of those circuits which have decided that the prisoners are eligible for consideration of parole disturbs us. This failure of the

Board to adopt a consistent national policy supplies further impetus for our decision.

7. See also, Morrissey v. Brewer, 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484, 494: "Parole arises after the end of the criminal prosecution, including imposition of sentence."

quently strengthens the tensile fabric of society, it is important that we avoid technical, purposeless construction which runs counter to the congressional plan to encourage prison rehabilitation. (footnote omitted)

Although Amaya brought this action as a petition for writ of mandamus, which the district court denied, we conclude it is more appropriate to treat the case in terms of habeas corpus. As we said in Carter v. Seamans, 411 F.2d 767, 773 (1969):

. . . mandamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases. Though it is a legal remedy, it is largely controlled by equitable principles and its issuance is a matter of judicial discretion. Generally speaking, before the writ of mandamus may properly issue three elements must coexist: (1) a clear right in the plaintiff to the relief sought; (2) a clear duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available. In connection with the last requirement, it is important to bear in mind that manadamus does not supersede other remedies, but rather comes into play where there is a want of such remedies. Admittedly the alternative remedy must be adequate, i. e., capable of affording full relief as to the very subject matter in question. (footnotes omitted)

Habeas relief is both available and adequate, making the more drastic writ of mandamus unnecessary. The Board of Parole has declined to consider Amaya's application because of the conclusion conscientiously held by it, but now rejected by at least three Circuits, that as a matter of law he is not eligible for such consideration. Petitioner need not exhaust administrative remedies where pursuing them would be futile, and improper denial of parole eligibility is a sufficient restraint to justify habeas corpus relief. Marrero v. Warden, *supra*.

Of course the matter in dispute goes to the question of the propriety of Amaya's continued confinement. Also we are confident that the Board of Parole will accept the decision of this Court. But until such time as there is an indication that the Board will not accept the application for consideration, it is neither necessary nor appropriate to provide now for any conditional release. Rather, we vacate and remand to the District Court for further proceedings with the Board of Parole being required within a reasonable time to receive and thereafter consider and diligently process Amaya's application. We emphasize that all we hold is that he is eligible to be *considered* for parole, and nothing said or unsaid is any judgment or intimation on what action the Board of Parole should or must take, or what, if any, judicial review may be available from such action, and if available, where or in what form.

Vacated and remanded.