**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Justo FARIAS, Defendant-Appellant.**

**Nos. 71–2814, 71–2886.**

United States Court of Appeals,
Fifth Circuit.

Jan. 25, 1974.

Samuel S. Forman, Miami, Fla. (Court-appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., George A. Kokus, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, TUTTLE, Senior Circuit Judge, and WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

First appearing before a panel of this Court on appeal from denial below of a F.R.Crim.P. 32(d) motion to withdraw a guilty plea,[1] this case was affirmed in light of our earlier decision in Trujillo v. United States, 5 Cir., 1967, 377 F.2d 266, cert. denied, 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221. The Court, however, sua sponte took the case en banc to determine whether *Trujillo* should any longer be followed in its holding that the ineligibility for parole of one convicted of certain narcotics crimes is not a "consequence of a plea of guilty," F.R.Crim. P. 11, so that on a guilty plea proceeding the sentencing Judge need not expressly advise the defendant accordingly.

Since that time two significant things have occurred. First is the enactment of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C.A. § 801 et seq., which, for certain offenses occurring after its

---

1. It was contended by counsel for appellant that the F.R.Crim.P. 32(d) motion was entered when counsel learned for the first time that her client was statutorily ineligible for parole.

effective date of May 1, 1971, not only does it permit, it mandates a special parole term, 21 U.S.C.A. § 960(b) and likewise, in carefully defined instances, it provides for probated sentences and the expunging of all criminal records. Second, although for a pre-1971 offense the Court must sentence under the prior law which forbids probation/parole, United States v. Bradley, 1973, 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528, we have now joined others in holding that such a pre-1971 defendant is eligible for consideration of parole by the Parole Board, Amaya v. United States, 5 Cir., 1973, 486 F.2d 940 [1973].

■ Considering that the relief of federal courts may not be invoked absent some prejudice to substantial rights, F.R.Crim.P. 52(a), it is evident that Farias cannot successfully show that—whatever error might be assumed to have occurred at his sentencing—he sustained any real harm. He is eligible for consideration for parole. Indeed, he is no worse off by virtue of these subsequent events than he would have been had the sentencing Judge advised him that he was not eligible for such leniency.

Because we conclude that subsequent events have eliminated the entire risk of any real harm being sustained by Farias the judgment of the trial court is

Affirmed.

TUTTLE, Senior Circuit Judge, with whom GOLDBERG and GODBOLD, Circuit Judges, join, dissenting:

With deference to the views of my colleagues, I dissent from the affirmance by the court en banc of the judgment of the trial court denying a motion to withdraw a guilty plea on the ground that the trial court, in complying with Rule 11 F.R.Cr.P., did not inform the defendant that under the federal narcotics laws, which he was charged with violating, he would not be eligible for parole.

This case was put en banc *sua sponté* following the decision by the panel of the court, see United States of America v. Farias, 5 Cir., 1972, 459 F.2d 738. In the original opinion of the court, with one judge dissenting from the quoted language, we said:

"As we have indicated above, this court is bound by the decision in Trujillo, which ruling can be modified only by an en banc decision of the court. While we agree with what was said in both Sanchez and Spradley that we think the prevailing view is the better, we conclude that we must affirm the judgment of the trial court based on the Trujillo decision."

The quoted language was based upon two prior decisions by other panels of this court. In Sanchez v. United States, 5 Cir., 1967, 417 F.2d 494, we said:

"Were the question of parole ineligibility before this Court for the first time, the considerable appeal of these recent decisions [of other circuits] might persuade us to a like position. However, in Trujillo v. United States, supra, and by implication in Dorrough v. United States, 5 Cir., 1967, 385 F. 2d 887, 897, cert. denied, 1969, 394 U. S. 1019, 89 S.Ct. 1637, 23 L.Ed.2d 44, this Court rejected the argument that parole ineligibility is a consequence of a guilty plea within the meaning of Rule 11. We are bound by that result . . .."

We also referred to the case of Spradley v. United States, 5 Cir., 1970, 421 F.2d 1043.

A third panel of this court said in Spradley:

"The language and reasoning used by this court in Sanchez, supra, strongly suggests that the Sanchez panel did not consider Trujillo the better view, however binding."

The court then, after pointing out differences in the circumstances affecting the Spradley case, stated:

"We conclude that the rule announced by this court in Trujillo ought not to be extended beyond the bare facts of that case."

In the panel decision here the court pointed out that since the decision in the

Spradley case additional courts of appeals in other circuits had taken their stand in opposition to our Trujillo case, citing Bye v. United States, 2 Cir., 1970, 435 F.2d 177, and Harris v. United States, 6 Cir., 426 F.2d 99, and the court said:

"Thus it is that this court and the Court of Appeals for the District of Columbia appear to be the only two of the nine circuits that have adhered to our view of this particular issue, the other seven aligning themselves with the view that the failure of the trial court to tell a defendant tendering a guilty plea of his ineligibility for parole amounts to a failure adequately to tell him of the 'consequences' of the plea."

I am convinced that the court, sitting en banc, should now reconsider and reverse our earlier holding in the Trujillo case. It would seem that there is little profit in attempting to discuss whether the failure to tell a prospective guilty pleader that he will not be eligible for parole in a particular matter for which he is charged is a "consequence" of his plea, or is a "consequence of the withholding of legislative grace," the ground upon which Trujillo was based.

As stated in Bye v. United States, supra:

"It is therefore of no moment that parole generally can be characterized as a legislative grace, and that ineligibility of parole for narcotics offenders could be classified as the withholding of a legislative grace [footnote omitted]. See Smith v. United States, supra, [116 U.S.App.D.C. 404] 324 F.2d [436] at 441. Rule 11 is not concerned with the legislative genesis of the ineligibility for parole, but with the extent to which ineligibility for parole could influence an accused's decision whether to plead guilty."

I apprehend that a majority of the court, if it considered the issue were now before the court with the same potential for injury to Farias as appeared to be the situation when the case was put en banc, would agree that there was a failure here of the trial court adequately to comply with Rule 11. I, therefore, do not belabor this point.

The justification now given for affirming the judgment denying Farias' motion to withdraw his plea of guilty is that, contrary to the provisions of the old statutes which forbade the granting of parole, and contrary to the exception in the new statute referred to in the court's opinion today, Farias may now apply to the Parole Board in the same manner as if he had been convicted under a statute which did not deny him that right initially.

I think the court cannot thus easily brush off the potential injury to the appellant, who is here actively before the court seeking an opportunity to withdraw a plea which he made without having been fully informed of the prejudice that might result to him. As pointed out in this court's opinion in Hector S. Amaya v. U. S. Board of Parole, 5 Cir., 1973, 486 F.2d 940, 1973, the Board of Parole "has declined to consider Amaya's application because of the conclusion conscientiously held by it, but now rejected by at least three Circuits, that as a matter of law he is not eligible for such consideration." The court then issued what amounted to a declaratory judgment holding with the other circuits mentioned that the petitioner there was "eligible to be considered for parole." It seems to me that it is far from clear that such a potential parolee may not have his whole future relations with the parole board colored to his detriment by virtue of the uncertainties surrounding the present state of the law in this field.

Moreover, with all deference, I think Trujillo is not good law, and it is still a controlling precedent in this circuit, not only with respect to the relatively few narcotics prosecutions that may still be active under the old statute, but with respect to cases in which persons convicted of other federal criminal statutes are denied the right to parole, e. g. 18 U.S.C. A. § 844(h)(2), and 18 U.S.C.A. § 924. There may be others.

Clearly this appeal is not moot, and it seems to me that the court should take this opportunity to make clear to the trial courts that in performing their duties under Rule 11, any person tendering a guilty plea must be informed, if it be the law, that whatever sentence is meted out cannot be reduced by a subsequent grant of probation.

I would reverse the judgment and remand the case with directions to grant appellant's motion to vacate the plea of guilty.