Benjamin **HERRERA**,
Petitioner-Appellant,

v.

**UNITED STATES of America**,
Respondent-Appellee.

No. 74–2132.

United States Court of Appeals,
Fifth Circuit.

Jan. 24, 1975.

Lawrence R. Metsch, Miami, Fla. (Court-appointed), for petitioner-appellant.

Robert W. Rust, U. S. Atty., Joel C. Fanning, James Whitten, Asst. U. S. Attys., Miami, Fla., for respondent-appellee.

Before BROWN, Chief Judge, and COLEMAN and DYER, Circuit Judges.

PER CURIAM:

■ Herrera seeks relief under 28 U.S.C.A. § 2255 for the failure of the District Judge who accepted Herrera's plea of guilty for pre-May 1, 1971 violation of 21 U.S.C.A. §§ 173 and 174, to disclose that he would be ineligible for parole because of the then effective but since repealed 26 U.S.C.A. § 7237(d). F.R.Crim.P. 11. It is the law in this Circuit that Rule 11 does not require a District Judge to inform a defendant pleading guilty that ineligibility for parole is a "consequence" of that plea, Trujillo v. United States, 5 Cir., 377 F.2d 266, cert. denied, 1967, 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221. Herrera asks that Trujillo be reviewed by the en banc Court. We affirm, however, without finding it necessary to reach that step.

The Court, on its own motion, convened itself to reconsider Trujillo in United States v. Farias, 5 Cir., 1974, 488 F.2d 852 following the earlier panel decision, 1972, 459 F.2d 738. The Trujillo question was not reached because the Court held Farias was in fact entitled to parole, on the authority of Amaya v. United States Board of Parole, 5 Cir., 1973, 486 F.2d 940, thus making inconsequential the failure of the District Judge accepting the guilty plea to inform him he was not eligible for parole. Then the Supreme Court, in Warden, Lewisburg Penitentiary v. Marrero, 1974, 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383, razed our result by destroying its rationale. United States Board of Parole v. Amaya, 1974, 418 U.S. 902, 94 S.Ct. 3191, 41 L.Ed.2d 1151. The Court held

the repeal of § 7237(d) had no effect on parole ineligibility for pre-May 1, 1971 violations.

■ But perhaps a record in short mortality of judicial wisdom, *Marrero* was legislatively reversed within five months on October 26, 1974 by amending § 702[1] of the Controlled Substances Act—thus exhuming and resuscitating *Amaya*[2] and thereby breathing life into *Farias.*

The answer is *Farias.* Herrera is entitled to have his application for parole considered. Nothing more is warranted.

Affirmed.

1. Sec. 2. Section 702 of the Controlled Substances Act is amended by adding at the end thereof the following new subsection:
    "(d) Notwithstanding subsection (a) of this section or section 1103, section 4202 of title 18, United States Code, shall apply to any individual convicted under any of the laws repealed by this title or title III without regard to the terms of any sentence imposed on such individual under such law."
    Pub.L.No.93–481, § 2 (Oct. 26, 1974).

2. This was the clear legislative purpose as the history reflects:
    Section 3. Amends section 702 of the Comprehensive Drug Abuse Prevention and Control Act of 1970 to provide that the provisions of 18 U.S.C. § 4202 (the general parole statute which authorizes Federal prisoners serving terms of over 180 days to be eligible for parole after serving one-third of their terms or after serving fifteen years of a life sentence or of a sentence of over 45 years) apply to persons convicted under the drug abuse control laws repealed by the Act.
    One of the statutes repealed by title III of the Comprehensive Drug Abuse Prevention and Control Act of 1970 was section 7237 of Title 26, United States Code, which provided that certain narcotics offenders sentenced to mandatory minimum prison terms would be ineligible for parole under the general parole statute. Section 1103 of the 1970 Act provided that "prosecutions for any violation of law occurring prior to [May 1, 1971] shall not be affected by the repeals" of 26 U.S.C. § 7237. Several cases arose concerning whether persons sentenced under the provisions of 26 U.S.C. § 7237 became eligible for consideration for parole when one-third of their sentences had been served, since the section had been repealed.

United States Courts of Appeals have split on the issue, and, on June 19, 1974, in a 6 to 3 decision, the United States Supreme Court, in Warden v. Marrero, 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383, 42 U.S.Law Week 4955, held that section 1103(a) of the 1970 Act bars parole consideration of prisoners sentenced before May 1, 1971. The Court noted that Marrero's argument that the basic change of the 1970 Act away from the retributive approach to regulation of narcotics offenses under the Narcotics Control Act of 1956 in favor of emphasis on rehabilitation of the narcotics offender ". . . has force, but . . is addressed to the wrong governmental branch. Punishment for federal crimes is a matter for Congress, subject to judicial veto only when the legislative judgment oversteps constitutional bounds." 417 U.S. at 664, 94 S.Ct. at 2538, 42 U.S.Law Week at 4958.

This amendment to section 702 would correct the anomalous situation that has arisen with respect to offenders convicted prior to the effective date of the 1970 Act— who are not eligible for parole under the general parole statute—and those convicted under the 1970 law—who are eligible. The Committee feels that the interests of criminal justice will best be served if the rehabilitative aspects of the 1970 Act encompass all convicted narcotics offenders, regardless of the date on which they were sentenced. Thus, the amendment to section 1103 provided by this section makes the general parole statute available to persons sentenced under applicable provisions of law repealed by the 1970 Act.
H.R.Rep. No. 93–1248, 93d Cong., 2d Sess. 8 (1974) adopted by the Conference, H.R.Rep. No. 93–1442, 93d Cong., 2d Sess. 6 (1974).