**Domingo ROSAS, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

**No. 74–2986.**

United States Court of Appeals,
Fifth Circuit.

March 14, 1975.

---

1. Larkin is a citizen of Louisiana; his joinder would thus have destroyed diversity.

Jeffrey R. Parsons, Houston, Tex. (Court-appointed), for petitioner-appellant.

Anthony J. P. Farris, U. S. Atty., James P. Gough, Asst. U. S. Atty., Houston, Tex., for respondent-appellee.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

In his petition for rehearing appellant asserts that Warden, Lewisburg Penitentiary v. Marrero, 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974), requires that Trujillo v. United States, 377 F.2d 266 (5th Cir.), cert. denied, 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221 (1967), be reviewed by the en banc Court and overruled. *Marrero*, however, was legislatively reversed on October 26, 1974 with the enactment of Section 2 of Pub.L. 93–481.

This Court recently considered, and rejected, an argument similar to Rosas' in Herrera v. United States, 507 F.2d 143 (5th Cir. 1975). Relying on this Circuit's pre-*Marrero* case law, we there held that Herrera was not entitled to 28 U.S.C.A. § 2255 relief for the failure of the district judge who accepted his guilty plea to disclose that he would be ineligible for parole, because, in fact, Herrera was now entitled to have his application for parole considered. Amaya v. United States Board of Parole, 486 F.2d 940 (5th Cir. 1973), vacated and remanded for reconsideration in light of Warden, Lewisburg Penitentiary v. Marrero, 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974); United States v. Farias, 488 F.2d 852 (5th Cir. 1974); Trujillo v. United States, 377 F.2d 266 (5th Cir.), cert. denied, 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221 (1967).

Like Herrera, Rosas is entitled only to have his application for parole considered and not to § 2255 relief.

The petition for rehearing and petition for rehearing en banc are denied.