543 P.2d 1118

**STATE of Arizona, Appellee,**

v.

**Paul S. HUIZAR, Appellant.**

**No. 3155.**

Supreme Court of Arizona,
En Banc.

Dec. 16, 1975.

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen., by Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Flynn, Kimerer, Thinnes, Derrick & Lindholm by Thomas A. Thinnes, Phoenix, for appellant.

HAYS, Justice.

Appellant Paul S. Huizar plead guilty to the crime of first degree burglary and was sentenced to three years probation. We take jurisdiction of the case pursuant to Rule 47(e)(5), Rules of the Supreme Court.

The appellant and his wife were charged with the commission of a burglary in the nighttime at an El Rancho Market on or about August 13, 1973. Appellant entered into a written plea agreement on March 6, 1974, in which it was stipulated that he would be sentenced to four years probation conditioned on enrollment in a drug rehabilitation program. He plead guilty on the same date.

This appeal raises the following questions:

1. Does the record contain a factual basis for the plea of guilty?
2. Did the trial court err in not questioning appellant in regard to the voluntariness of his plea?
3. Did the trial court err in accepting appellant's plea while under the influence of heroin?
4. Must appellant's plea of guilty be vacated due to the ineffective assistance of counsel?

■■ Appellant argues that the record of the hearing at the time of the plea, and the presentence report, fail to establish a factual basis for the plea. In *State v. Darling*, 109 Ariz. 148, 506 P.2d 1042 (1973), we held that the presentence report or the reporter's transcript on the preliminary hearing was part of the extended record for satisfying the requirements of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). This extended record may be reviewed by the trial judge to establish that there was a factual basis for the plea even though the record made by the judge at the time of the plea is silent in this regard. *State v. Rodriguez*, 112 Ariz. 193, 540 P.2d 665 (1972). We find from our review of the extended record that there was a factual basis for the plea of guilty.

■ The next contention made by appellant is that no questions were asked of him in open court to determine if his plea was voluntary and not the result of force, threats or promises, pursuant to Rule 17.3, Rules of Criminal Procedure. The current action against appellant was commenced on or about August 13, 1973. Rule 1.5, Rules of Criminal Procedure, provides that "[t]hese rules shall govern all criminal actions commenced on or after twelve o'clock midnight, 1 September 1973."

Prior to the 1973 Rules of Criminal Procedure, there was no requirement that there be a specific finding that the plea was not made as a result of force, threats or promises. *State v. Miller*, 110 Ariz. 304, 518 P.2d 127 (1974). The record need only show that the plea was "voluntarily and intelligently made with an understanding of the nature of the charges and the consequences of the plea." *State v. Tucker*, 110 Ariz. 270, 517 P.2d 1266 (1974). In our review of the record we find that this requirement has been satisfied.

■ We find no merit in appellant's argument that the plea should not have been accepted while the appellant was under the influence of heroin. There is no factual support in the record for the assertion that appellant was under the influence of heroin or in any way unable to understand the nature of the proceedings.

"A plea cannot be said to be voluntary if not made with an awareness of its ramifications, and to that end, the defendant is apprised of the range of sentence and the rights forfeited by a plea of guilty." *State v. Contreras*, 112 Ariz. 358, 542 P.2d 17 (filed November 6,

1975); *State v. Carr*, 108 Ariz. 203, 495 P.2d 134 (1972).

The record indicates that the trial judge extensively questioned appellant and thoroughly explained to appellant the range of sentence and the rights forfeited by the plea of guilty. The appellant responded to the trial court's questioning throughout the hearing. We find no basis to vacate appellant's plea on the ground that he was unable to understand the nature of the proceedings.

Appellant's final argument concerns the effective assistance of counsel. Appellant and his wife were both represented by the same counsel throughout the proceedings. Appellant now claims that a conflict of interest between himself and his wife denied him the effective assistance of counsel. An attorney may represent codefendants until a conflict arises. *State v. Kruchten*, 101 Ariz. 186, 417 P.2d 510 (1966). We have examined the record and find no conflict between appellant's and his wife's interests. The preliminary hearing transcript contains testimony that appellant committed the burglary with the aid of his wife. Although at the time of the hearing on the pleas of guilty by appellant and his wife both parties disagreed with the facts as related by the state's witness at the preliminary hearing, we hold that this factor alone cannot be used to determine whether there is a conflict of interest. The record of the pleas of guilty contains a statement by the attorney representing both appellant and his wife, which indicates the motivating factors in their pleas. Appellant's attorney, faced with the facts elicited at the preliminary hearing, made a strategic decision. "Strategic decisions are not the kind which the courts permit convicted felons to indulge in second guessing." *State v. Kruchten, supra.* Appellant received exactly what he bargained for, a sentence of probation.

Judgment and sentence affirmed.

CAMERON, C. J., and STRUCKMEYER, HOLOHAN and GORDON, JJ., concur.