570 P.2d 1075

**STATE of Arizona, Appellee,**

v.

**James Earl CUTHBERTSON, Appellant.**

**No. 3923.**

Supreme Court of Arizona, En Banc.

Oct. 17, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer III and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Joel M. Glynn, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

The defendant, Cuthbertson, entered a plea of guilty to a charge under A.R.S. § 13–653, child molestation. A sentence of not less than three nor more than six years was imposed. We took jurisdiction pursuant to 17A A.R.S. Supreme Court Rules, rule 47(e)(5).

Only two issues have been raised in this appeal: first, that the trial court failed to advise the defendant of the special conditions regarding sentence, parole and commutation imposed by A.R.S. § 13–653; and second, that defendant's true sentence was not correctly reflected in the record.

On the first issue we refer to the punishment provisions of A.R.S. § 13–653 which in pertinent part read as follows:

" . . . punishable by imprisonment in the state prison for not less than one year nor more than life without the possibility of parole until the minimum sentence has been served. In no event shall a person who is convicted under the terms of this section be entitled to the good behavior deduction and the double time deduction prescribed by the provisions of subsection B of § 31–251 and subsection A of § 31–252 until he has served at least one year."

The transcript reveals that at the time the plea of guilty was accepted, the trial court advised defendant only of the maximum term, life imprisonment, and "no less than probation." The plea agreement incorrectly states the mandatory minimum is "none" but does state that a "minimum prison term must be served." There is no reference to the ineligibility for parole until the minimum has been served nor to the loss of good behavior and double time deductions. The defendant urges that the failure of the trial court to set forth the special conditions regarding sentencing as required by 17 A.R.S. Rules of Criminal Procedure, rule 17.2(b), requires reversal. *State v. Rios*, 113 Ariz. 30, 545 P.2d 954 (1976), is cited in support of this position.

The pertinent part of rule 17.2 reads as follows:

"Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court, informing him of and determining that he understands the following:

. . . . .

"b. The nature and range of possible sentence for the offense to which the plea is offered, including any special conditions regarding sentence, parole, or commutation imposed by statute; . . ."

**64**

■ Also raised by the defendant is an assertion that the court misstated the terms of A.R.S. § 13–1647 which provides for a fine of up to $200.00 in offenses where no other fine has been prescribed. The answer to this is found in *State v. Rogel*, 116 Ariz. 114, 568 P.2d 421 (1977), and we will not enlarge upon it.

■ We are aware that in analyzing the issue regarding rule 17.2(b), we have in the background the constitutional mandate of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Our rule requires more than *Boykin, supra*, which imposes the strictures of rule 11, Federal Rules of Criminal Procedure, on the states. *See State v. Ross*, 108 Ariz. 245, 495 P.2d 841 (1972). Federal Rule 11, *supra*, requires the court to determine that defendant understands the nature of the charge, the mandatory minimum and the maximum possible penalty. Apparently *Boykin, supra*, requires at least this much information as to the sentence before the plea can be said to be intelligently made. This requirement is of constitutional dimensions and must be complied with. What of the myriad of sentencing special conditions found in our statutes; is it necessary to explain all of these in order to find that the mandate of *Boykin, supra*, has been met? Our response to that is, no, not always. We note that in one of the federal circuits the trial court is not even required to advise the defendant of his ineligibility for parole under certain drug penalty statutes. *See Herrara v. United States*, 507 F.2d 143 (5th Cir. 1975).

■ Under rule 17.2, *supra*, it is error for the trial judge to fail to assure himself that the defendant understands the range of the sentence and the special conditions applying to that sentence. However, if the defendant was not prejudiced by his lack of understanding of the complete provisions of the sentencing statute, the error is not reversible error. In the instant case the sentence was "not less than three nor more than six years." The penalty provisions of the statute, A.R.S. § 13–653, provide that the defendant must serve the minimum sentence imposed before he is eligible for parole. *See State v. Rice*, 110 Ariz. 210, 516 P.2d 1222 (1973). Therefore, defendant, under the sentence imposed, must serve three years before he is eligible for parole. Absent the special conditions, he would be eligible for parole in two years. We find this to be prejudicial and hence reversible error.

Because of our disposition of the first issue raised, we need not address the second issue as to whether or not defendant's true sentence was correctly reflected in the record.

Reversed and remanded for proceedings not inconsistent with the foregoing.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.