572 P.2d 791

STATE of Arizona, Appellee,

v.

Harmon Lee ELLIS, Appellant.

No. 3861.

Supreme Court of Arizona,
En Banc.

Nov. 17, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and R. Wayne Ford, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt, Jr., Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

On April 12, 1976, the appellant, Harmon Lee Ellis, pursuant to a plea agreement, pled guilty to one count of burglary while armed with a gun, in violation of A.R.S. §§ 13–301, 13–302(A), (C), (D), and one count of armed robbery in violation of §§ 13–641, 13–643(B). He received sentences of not less than 75 years nor more than 125 years for each count. The sentences were ordered to be served concurrently.

The appellant assigns numerous errors for our consideration on appeal. We take jurisdiction pursuant to 17A A.R.S. Supreme Court Rules, rule 47(e)(5).

## SPEEDY TRIAL

██ The appellant claims that he was denied his right to a speedy trial under 17 A.R.S. Rules of Criminal Procedure, rule 8.2(a). The trial for this case had been set for April 12, 1976, the date the appellant pled guilty. The appellant alleges that he was arrested on October 2, 1975, more than 150 days before the date set for trial. *See* rule 8.2(a). The state, on the other hand, alleges that he was arrested on December 24, 1975, well within 150 days of April 12.[1] We do not have to decide which allegation is correct, however, because as we have said many times, a defendant waives any question regarding his right to a speedy trial by entering a plea of guilty. *State v. Canaday*, Ariz., 569 P.2d 238 (1977); *State v. Miller*, 110 Ariz. 304, 518 P.2d 127 (1974).

## FACTUAL BASIS FOR THE PLEA

██ The appellant argues that the trial judge failed to establish a factual basis for the plea in violation of 17 A.R.S. Rules of Criminal Procedure, rule 17.3. We find otherwise. At the time appellant pled guilty, his attorney stipulated that the police departmental report and the preliminary hearing transcript be admitted for the purpose of finding a factual basis for the plea. We find from our review of these documents that the trial judge properly determined that there was a factual basis for the plea. *See State v. Huizar*, 112 Ariz. 489, 543 P.2d 1118 (1975).

## VOLUNTARY AND INTELLIGENT PLEA

The appellant alleges that his plea was not made either voluntarily or intelligently.

He first alleges that his plea was made under duress in that the only reason he pled guilty was so that he would be removed from what he regarded as bad conditions at the county jail and returned to prison.

██ While the defendant, at one point in the proceedings, did state, "We just want to cop out and get back to prison, that's all," he immediately thereafter answered "yes" to the following question of the trial judge: "I take it you are each pleading guilty of your own free will because after discussing the matter with your counsel you are now honestly convinced that you are guilty of the crimes * * *." The appellant's answer to this question refutes his claim that jail conditions were the sole motivation for his plea. Even if unpleasant jail conditions were a partial motivation for appellant's plea, he has not satisfied us that these conditions had such a coercive influence on his decision to plead guilty that the plea was involuntary. *See State v. Burton*, 16 Ariz.App. 61, 490 P.2d 1189 (1972).

██ The appellant alleges that he did not have his glasses at the time of signing the plea agreement and, therefore, did not have an opportunity to read the agreement. The record, however, indicates that the appellant answered "yes" when the trial judge asked him if he had had an opportunity to read the plea agreement.

██ The appellant next alleges that he pled guilty without ever being informed of what the goods were that he had allegedly stolen. We know of no rule or case that requires the judge to list the goods stolen in order for a guilty plea to be regarded as intelligently made. Certainly, the requirement of Rule 17.2(a) that the judge inform

---

1. The appellant escaped from prison at the end of September 1975. He burglarized the house of and robbed the victim on October 1–2, 1975. He was apprehended on October 2, 1975, and returned to the state prison. The complaint and arrest warrant in the present case were served on the appellant at the prison on December 24, 1975. The initial appearance was conducted on December 25, 1975. The appellant alleges that the arrest for the robbery and burglary occurred on October 2 and that the 150-day period began to run on that date. The state alleges that he was arrested only for the escape on October 2 and that, for the purposes of rule 8.2(a), the arrest for the robbery and burglary did not occur until the date he was served with the warrant.

the defendant of the "nature of the charge to which the plea is offered" does not extend this far. Furthermore, an appellate court may review the extended record to determine if the defendant was in possession of enough information to make an intelligent plea. In the case at hand, the robbery victim provided the court with a detailed list of the goods stolen in his testimony at the preliminary hearing. Since the appellant was present at that hearing, we find no merit to his contention.

█ Appellant alleges that he made repeated requests to the trial judge to explain how a guilty plea would "affect an appeal" and that the trial judge refused to answer his requests. While the record clearly indicates that appellant's codefendant asked the trial judge, "How will this affect an appeal?", it does not appear anywhere in the record that the appellant asked a similar question. Furthermore, the trial judge fulfilled any duty he may have had in answering such a question when he informed the appellant that he would have the right to appeal a conviction based on a guilty plea. ·

█ The appellant alleges that the trial judge failed to properly advise him of the nature of the charges to which he pled guilty under Rule 17.2(a), Rules of Criminal Procedure, in that the judge failed to advise him of the elements of each offense to which he pled guilty.

Our cases have held that neither Rule 17.2 nor *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), requires that the defendant be advised of the elements of the offense charged before the plea can be regarded as intelligently made. *State v. DeGrate,* 109 Ariz. 143, 506 P.2d 1037 (1973); *State v. Howell,* 109 Ariz. 165, 506 P.2d 1059 (1973).

We are aware that a recent United States Supreme Court case, *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), requires that a defendant be informed of the elements of the offense with which he is charged in certain cases. We need not decide whether the case at hand is among those that must be decided according to the rule of *Morgan,* though, because we have specifically held that *Morgan* will not be given retroactive application. *State v. Henry,* 114 Ariz. 494, 562 P.2d 374 (1977).

Finally, the appellant alleges that the trial judge failed to inform him of the special sentencing provisions of A.R.S. § 13–643(B) in violation of Rule 17.2(b). We agree.

Rule 17.2(b) states:

"Before accepting a plea of guilty . ., the court shall address the defendant personally in open court, informing him of and determining that he understands the following:

·       ·       ·       ·       ·

"(b) The nature and range of possible sentence for the offense to which the plea is offered, including any special conditions regarding sentence, parole, or commutation imposed by statute."

A.R.S. § 13–643(B) contains a self-executing, special sentencing provision that states, "and in no case, * * * shall the person convicted be eligible for suspension or commutation of sentence, probation, pardon or parole until such person has served *the minimum sentence imposed.*" (Emphasis added.) This provision applies to all convictions of robbery while armed with a gun.[2] There is no evidence in this case that the trial judge informed appellant that he would have to serve the minimum sentence that the judge imposed.

We have decided a number of cases recently that deal with the consequences of the trial judge's failure to comply fully with Rule 17.2(b). We take this opportunity to clarify the legal standards developed in those cases.

---

**2.** A.R.S. § 13–302 has a similar "minimum sentence imposed" provision. It applies, however, only to repeat armed burglary convictions. Since there is no evidence that the appellant has ever been convicted of this offense before, the "minimum sentence imposed" provision will not become a part of the sentence for his burglary conviction. Hence, as to the burglary conviction, we find no violation of Rule 17.2(b).

In *State v. Morones,* 112 Ariz. 369, 542 P.2d 28 (1975), the trial judge failed to inform the defendant of a special sentencing provision requiring that he serve a minimum of five years in jail. Since the defendant was, in fact, given a sentence whereby he would not have been eligible for parole within 5 years anyway, the court found that the defendant had not been prejudiced by the judge's error and that the error should be regarded as technical.

In *State v. Rios,* 113 Ariz. 30, 545 P.2d 954 (1976), we expressly overruled the "no prejudice" position taken in *Morones, supra,* and articulated a new standard for reversal for violations of Rule 17.2(b) based on whether the defendant's decision to plead guilty had been intelligently made. "A plea cannot be considered 'intelligently' made where, as in this case, there is no evidence that the defendant was at any stage of the prosecution provided information required to be disclosed to him under Rule 17.2." *Rios,* 113 Ariz. at 32, 545 P.2d at 956.

In *State v. Rogel,* Ariz., 568 P.2d 421 (1977), the trial judge failed to inform the defendant that he could have been fined $200 in addition to any prison term imposed by the judge. The fine was not, in fact, imposed. In refusing to permit a withdrawal of the guilty plea, this court distinguished the case from *Rios* by stating, "[w]hile the imposition of a fine . . . may have been a technical possibility it was not an *operative element* of the sentence which was imposed . . .." (Emphasis added.) *State v. Rogel, supra,* Ariz., 568 P.2d at 423. In deciding the case on this basis, it is clear that the *Rogel* opinion returned to a modified version of the "no prejudice" standard that had been expressly rejected in *Rios.*

Finally, in *State v. Cuthbertson,* Ariz., 570 P.2d 1075 (filed October 17, 1977), the trial judge failed to inform the defendant that he would have to serve the minimum sentence imposed. Since this self-executing provision of the sentencing statute postponed the defendant's parole eligibility date, we held that he had been prejudiced by the court's failure to inform him of the provision.

■ It is now our opinion that *Rios, supra,* swept too broadly. As we indicated in *Cuthbertson, supra,* when the mandates of *Boykin, supra,* have been met we can say that under constitutional standards the plea has been intelligently made. The next step is to examine the plea in the light of Rule 17.2(b). Violations of the rule do not necessarily require the plea to be vacated. The appellate court should examine the sentence actually imposed. If the sentence contains any provision that the defendant was not aware of, that affects the manner in which the sentence or date of parole is computed, either the guilty plea should be vacated or the case remanded to determine if the defendant was actually aware of the provision absent from the record. As we stated in *Cuthbertson, supra,* "[h]owever, if the defendant was not prejudiced by his lack of understanding of the complete provisions of the sentencing statute, the error is not reversible error." 570 P.2d at 1077.

■ Since the extended record does not indicate whether the appellant was aware of the special sentencing provisions of A.R.S. § 13–643(B) prior to pleading guilty, the case must be remanded for an evidentiary hearing on the matter.

## VIOLATION OF PLEA AGREEMENT

■ Appellant alleges that the plea agreement made with him was violated in that he was promised a shorter sentence than the one ultimately imposed.

In reviewing the record, we find that the plea agreement states that the possible range of sentence is 5 years to life for each offense. No other term, condition or limitation regarding sentencing appears in the agreement. Furthermore, before accepting the plea, the trial judge asked the appellant: "Have you been . . . promised anything except as set forth in the plea agreement . . . in return for your pleas of guilty respectively?" The appellant answered that he had not. As we said in *State v. Stadie,* 112 Ariz. 196, 198, 540 P.2d 668, 670 (1975): "From the record before us, we would have no difficulty in

**334**

holding that the defendant has failed to show that there was in fact a breach of the plea bargain."

## EFFECTIVE ASSISTANCE OF COUNSEL

Appellant contends for various reasons that counsel was inadequate. He alleges that his attorney, Mr. Jonathan Schwartz, of the Public Defender's Office, spoke to him only twice; that he did not discuss the case with him on either occasion; that he requested Mr. Schwartz to make a variety of pretrial motions, all of which requests were ignored; that Mr. Schwartz "conned" him into signing the plea agreement in order to dispose of the case as quickly as possible; that Mr. Schwartz ignored his requests to file a motion to withdraw his plea; and that he told Mr. Schwartz at the preliminary hearing that he did not want Mr. Schwartz to represent him, but that Mr. Schwartz refused to so inform the court.

Whether a defendant has received effective assistance of counsel must be determined on the basis of the record. *State v. Brookshire,* 107 Ariz. 21, 480 P.2d 985 (1971). Since there was no trial in this case and since Mr. Schwartz filed and argued only one pretrial motion, the record provides us very little with which to gauge the adequacy of his representation.

Furthermore, the allegations of inadequacy of representation in this case are grounded, not on Mr. Schwartz' lack of skill in the courtroom but, rather, on Mr. Schwartz' relationship with his client. Since most of the events surrounding the manner in which an attorney deals with his client will occur outside the courtroom, such allegations of inadequacy will often not be susceptible to either support or refutation by matter appearing in the record.

To respond to some of appellant's allegations, while a lawyer is under an obligation to defend the accused with all his skill and energy, *State v. McCline,* 109 Ariz. 569, 514 P.2d 490 (1973), we have not yet reached the point in our criminal justice system where an attorney's skill or competence is measured by the number of motions he files. It is possible that Mr. Schwartz felt that there was no·merit to any of the motions suggested by the appellant. It is also possible that, because of what Mr. Schwartz thought was the existence of evidence of overwhelming guilt, he felt there was no need to discuss the case with appellant extensively and that it was in the appellant's best interests to plead guilty.

Ultimately, though, because of the inadequacy of the record, we cannot refute appellant's allegations of total neglect on the presumption that Mr. Schwartz acted with his client's best interest in mind. Of course, we cannot, on the other hand, presume that appellant's allegations have merit. *See United States v. Martin,* 489 F.2d 674 (9th Cir. 1973), *cert. denied,* 417 U.S. 948, 94 S.Ct. 3073, 41 L.Ed.2d 668 (1974), (defendant has the burden of proving that counsel was inadequate). Hence, we are left in a position of being unable to determine whether the quality of Mr. Schwartz' representation can be characterized as a farce or sham. *State v. Tellez,* 111 Ariz. 34, 523 P.2d 62 (1974). Of course, since we are unable to finally adjudicate this matter on appeal, our determination does not prejudice appellant's right to seek post-conviction relief under Rule 32 et seq. of the Arizona Rules of Criminal Procedure.

## EXCESSIVE SENTENCE

Finally, the appellant alleges that his sentence is excessive and requests that we exercise our power under A.R.S. § 13–1717(B) to modify the sentence. We have held that if a sentence is within the limits prescribed by statute, we will not overturn the judgment of the trial judge unless it clearly appears that the sentence is too severe, *State v. White,* 102 Ariz. 162, 426 P.2d 796 (1967); *State v. Seelen,* 107 Ariz. 256, 485 P.2d 826 (1971), or that the trial judge abused his discretion in determining the sentence. *State v. Pakula,* 113 Ariz. 122, 547 P.2d 476 (1976); *State v. Davis,* 105 Ariz. 498, 467 P.2d 743 (1970).

In determining the sentence, the trial judge may properly consider prior crimes and the criminal character and history of the defendant. *State v. Sowards,* 99 Ariz. 22, 406 P.2d 202 (1965), as well as information contained in a presentence re-

port. *State v. Smith,* 107 Ariz. 218, 484 P.2d 1049 (1971). The appellant in this case has an extensive criminal record dating back to 1955. He has been convicted of robbery on four previous occasions. He has escaped from prisons several times. There is evidence that appellant threatened to kill the victim in this case if he did not cooperate. In light of this information, we cannot say that the trial judge abused his discretion or that the sentence in this case is clearly excessive. *See·State v. McDonald,* 111 Ariz. 159, 526 P.2d 698 (1974).

## FUNDAMENTAL ERROR

We have thoroughly reviewed the record pursuant to A.R.S. § 13–1715 and find no error other than as described above.

The judgment and sentence pursuant to A.R.S. §§ 13–301, 13–302(A), (C), (D) is affirmed. The judgment pursuant to A.R.S. §§ 13–641, 13–643(B) is remanded for proceedings consistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN, J., concur.

GORDON, J., concurs in the result.