594 P.2d 84

**STATE of Arizona, Appellee,**

v.

**Merle Leo DISHONG, Appellant.**

**No. 4496–PR.**

Supreme Court of Arizona,
In Banc.

April 5, 1979.

Rehearing Denied May 1, 1979.

John A. LaSota, Jr., former Atty. Gen., Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Bruce M. Ferg, Asst. Attys. Gen., Phoenix, for appellee.

Thomas A. Curti, Tucson, for appellant.

STRUCKMEYER, Vice Chief Justice.

On January 6, 1976, appellant Merle Leo Dishong pled no contest to two counts of child molestation. He was sentenced to concurrent prison terms of ten to twenty-one years on each count. Appellant did not timely appeal from his convictions. The Superior Court, however, on July 28, 1978, allowed a delayed appeal. The Court of Appeals affirmed in a per curiam memorandum decision. Opinion of the Court of Appeals, 2 CA–CR 1539 and 2 CA–CR 1540–2, filed December 1, 1978, vacated.

Appellant urges that his conviction should be set aside because the trial court failed to inform him of the special sentencing provisions of A.R.S. § 13–653, as required by Rule 17.2, Rules of Criminal Procedure, 17 A.R.S. Rule 17.2 provides:

"Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court, informing him of and determining that he understands the following:

\*     \*     \*     \*     \*     \*

b. The nature and range of possible sentence for the offense to which the plea is offered, including any special conditions regarding sentence, parole, or commutation imposed by statute;

\* \* \* \* \* \*"

Appellant was sentenced pursuant to A.R.S. § 13–653 of the former Arizona Criminal Code.[1] It provides that a person convicted of molestation of a child must serve the minimum sentence imposed before he is eligible for parole and is not entitled to the good behavior and double time deductions allowed by statute until he has served one year of his sentence. The State candidly admits that appellant was not informed by the trial court of these provisions of the statute.

The State argues that the national standard imposed upon the states by the Supreme Court of the United States in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), only requires that the person pleading guilty be aware of his privilege against self-incrimination, right to trial by jury, and right to confrontation by the witnesses, and that, consequently, Rule 17.2, Arizona Rules of Criminal Procedure is in addition to the constitutional requirements of *Boykin.* We agree with the State that a violation of Rule 17.2 is not necessarily a violation of a defendant's constitutional rights. *State v. Cuthbertson,* 117 Ariz. 62, 570 P.2d 1075 (1977).

We do not, however, agree with the State in its argument that only a failure to comply with *Boykin* "will entitle appellant to the relief he seeks."

In *State v. Rios,* 113 Ariz. 30, 545 P.2d 954 (1976), we held that a plea of guilty cannot be considered intelligently made where there was no evidence that the defendant was at any stage of the prosecution provided the information required to be disclosed to him under Rule 17.2. In *State v. Ellis,* 117 Ariz. 329, 572 P.2d 791 (1977), we retreated from this position, holding:

"It is now our opinion that *Rios, supra,* swept too broadly. As we indicated in [*State v.] Cuthbertson, supra,* when the mandates of *Boykin, supra,* have been met we can say that under constitutional standards the plea has been intelligently made. The next step is to examine the plea in the light of Rule 17.2(b). Violations of the rule do not necessarily require the plea to be vacated. The appellate court should examine the sentence actually imposed. If the sentence contains any provision that the defendant was not aware of, that affects the manner in which the sentence or date of parole is computed, either the guilty plea should be vacated or the case remanded to determine if the defendant was actually aware of the provision absent from the record. As we stated in *Cuthbertson, supra,* '[h]owever, if the defendant was not prejudiced by his lack of understanding of the complete provisions of the sentencing statute, the error is not reversible error.' 570 P.2d at 1077." 117 Ariz. at 333, 572 P.2d at 795.

If appellant was not aware that he would not be eligible for parole until he had served his minimum sentence and was not aware that he was not entitled to good behavior or double time deduction until he had served one year of his sentence, it is apparent that he was prejudiced by his lack of understanding of the complete provisions of the sentencing statute. See *State v. Cuthbertson,* supra.

Appellant also argues that A.R.S. § 13–653 is unconstitutionally vague. This contention is without merit. We have addressed this contention before and rejected it. *State v. Phillips,* 102 Ariz. 377, 430 P.2d 139 (1967); *State v. Berry,* 101 Ariz. 310, 419 P.2d 337 (1966). He also argues that the sentence is excessive. Since appellant could have received two consecutive life sentences, concurrent sentences of ten to twenty-one years are well within the trial court's discretion.

1. Renumbered as A.R.S. § 13–1410 and amended by Laws 1977, Ch. 142, § 66, effective October 1, 1978.

Since the record does not indicate whether appellant was aware of the special sentencing provision of A.R.S. § 13–653 prior to pleading no contest, this case is remanded for an evidentiary hearing on that matter. The court below shall hold such hearing and within sixty days advise this Court of its findings at which time we will make an appropriate disposition of this cause.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concurring.