NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

MELVIN LEE HARRISON, *Petitioner*.

No. 1 CA-CR 14-0563 PRPC
FILED 8-2-2016

---

Petition for Review from the Superior Court in Maricopa County
No. CR2012-164101-001
The Honorable Bruce R. Cohen, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Melvin Lee Harrison, San Luis
*Petitioner Pro Per*

_____

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Margaret H. Downie joined.

_____

**T H O M P S O N**, Judge:

**¶1** Petitioner Melvin Lee Harrison petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2** Harrison pled guilty to aggravated assault and the trial court sentenced him to a stipulated term of six years' imprisonment. Harrison now seeks review of the summary dismissal of his second notice of post-conviction relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c) and Arizona Revised Statute § 13-4239(C) (2010).

**¶3** Harrison argues his trial counsel was ineffective when he failed to argue that the State and/or the trial court engaged in pre and post-indictment delay of the proceedings and, therefore, failed to comply with the "speedy trial" provisions of Arizona Rule of Criminal Procedure 8. Harrison further argues his first post-conviction relief counsel was ineffective when he failed to allege trial counsel was ineffective for these same reasons and when his first post-conviction counsel failed to raise the Rule 8 claims independently.

**¶4** We deny review. Harrison failed to present any colorable claims for relief because neither counsel was ineffective when they failed to raise these issues. Harrison pled guilty. A valid plea agreement waives all non-jurisdictional defenses, errors and defects which occurred prior to the plea. *State v. Moreno*, 134 Ariz. 199, 200, 655 P.2d 23, 24 (App. 1982). More specifically, a defendant who enters a guilty plea waives all issues

regarding the right to a speedy trial. *State v. Ellis*, 117 Ariz. 329, 331, 572 P.2d 791, 793 (1977).[1]

¶5        For the foregoing reasons, we grant review but deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : AA

---

[1] While this is not one of the grounds upon which the superior court dismissed the petition, we may affirm a result on any basis supported by the record. *State v. Robinson*, 153 Ariz. 191, 199, 735 P.2d 801, 809 (1987).