571 P.2d 283

**The STATE of Arizona, Appellee,**

v.

**Frank R. ENCINAS, Jr., Appellant.**

**Nos. 1 CA–CR 2128, 1 CA–CR 2127.**

Court of Appeals of Arizona,
Division 1,
Department C.

May 17, 1977.

Supplemental Opinion Aug. 4, 1977.

Rehearing Denied Aug. 31, 1977.

Review Granted Sept. 22, 1977.

**138**

Bruce E. Babbitt, Atty. Gen., Crane McClennen, Asst. Atty. Gen., Phoenix, for appellee.

Debus, Busby & Green, Ltd., Jordan L. Green, Robert J. Lyman, Phoenix, for appellant.

## OPINION

OGG, Judge.

The issue presented in this appeal is whether the trial court must advise the defendant of the possible ranges of sentence, including any special conditions, when a case is submitted to the court for trial on the basis of police departmental reports.

On April 23, 1974, the appellant/defendant Frank R. Encinas, Jr. was charged with two counts of sale of a narcotic drug in violation of ARS § 36–1002.02. The defendant waived trial by jury and by stipulation with the state the case was submitted to the court for trial based upon a departmental report of the City of Phoenix Police Department.

Prior to accepting this agreement the court advised the defendant of the following rights he was waiving by such a submission: 1) trial by jury; 2) confrontation of witnesses; 3) right to testify and offer further evidence; and 4) privilege against self-incrimination. The court further determined that these rights were being waived without any force, threats or promises made in return for such waiver and that the stipulation to submit this case was knowingly, intelligently and voluntarily made by the defendant. The court was careful to determine that the defendant knew the issue of his guilt or innocence was to be determined as to each charge upon the basis of the police report and that defendant understood the significance of the stipulation. The trial court did not advise the defendant of any of the sentencing consequences of the submission.

The court found the defendant guilty on both counts and sentenced him to a term of 5 to 6 years on each count, with the sentences to run concurrently.

The defendant now appeals from the judgments and sentences, alleging that the court committed reversible error when it failed to advise the defendant of any of the sentencing consequences in violation of the requirements of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and 17 ARS Rules of Criminal Procedure, rule 17.2. The pertinent portion of this rule provides:

Before accepting a plea of guilty or no contest, the court shall address the de-

fendant personally in open court, informing him of and determining that he understands the following:

\*    \*    \*    \*    \*    \*

b. The *nature and range of possible sentence* for the offense to which the plea is offered, *including any special conditions regarding sentence, parole, or commutation imposed by statute* . . . (Emphasis added)

This case is controlled by the recent Arizona Supreme Court case of *State v. Woods*, 114 Ariz. 385, 561 P.2d 306 (1977). In *Woods* the court held that when a submission on the police records, preliminary hearing transcripts or other materials amounts to a guilty plea then rule 17.2 applies and the defendant must be advised of the range of sentences.

██ Here, upon stipulation of the parties, the case was submitted to the trial court on the sole basis of the police reports. The proceedings held were not in any sense a trial and a fair reading of the record shows the submission was tantamount to a plea of guilty. Under these facts the court committed reversible error when it failed to advise the defendant of the nature and range of possible sentences. *State v. Woods, supra; State v. Crowley*, 111 Ariz. 308, 528 P.2d 834 (1974); *State v. Hooper*, 107 Ariz. 327, 487 P.2d 394 (1971); 17 ARS Rules of Criminal Procedure, rule 17.2(b).

We must now determine whether the newly adopted rule in *Woods* should be retroactively applied to control this case. The recent decision of *State v. Stenrud*, 113 Ariz. 327, 553 P.2d 1201 (1976), appears to be directly on point. See also *State v. Griswold*, 105 Ariz. 1, 457 P.2d 331 (1969). In *Stenrud* the court refused to give retroactive application to the decision in *State v. Rios*, 113 Ariz. 30, 545 P.2d 954 (1976). In both *Rios* and *Stenrud* the trial court had failed to advise the defendant of special punishment provisions before accepting a guilty plea in violation of the provisions of 17 ARS Rules of Criminal Procedure, rule 17.2(b). In *Stenrud* the court set forth the following guideline:

In deciding whether to apply newly adopted rulings retroactively, we consider three criteria: (1) the purpose of the new rule; (2) the extent of reliance upon the old rule; and (3) the effect retroactive application would have upon the administration of justice. 553 P.2d at 1202.

As in *Stenrud* we do not believe the failure to advise the defendant on the range of sentences in this case affects the integrity of the fact-finding process so that it presents a clear danger of convicting the innocent. The trial courts of this state were relying upon the prior appellate court decisions of *State v. Jackson*, 24 Ariz.App. 308, 537 P.2d 1366 (1975) and *State v. Hiralez*, 27 Ariz.App. 393, 555 P.2d 362 (1976), and to give retroactive effect to the decision in *Woods* would weaken the integrity of the law and undermine the finality of prior determinations.

After applying the guidelines of *Stenrud* to the facts in this case, it is our opinion that the holding in *Woods* should not have retroactive application.

The judgments and sentences are affirmed.

FROEB, Chief Judge, Division 1, and JACOBSON, P. J., concur.

## SUPPLEMENTAL OPINION

OGG, Judge.

On May 17, 1977, this court rendered an opinion in this matter. *State v. Encinas*, 1 CA–CR 2127/2128 (filed May 17, 1977). Thereafter, the court has received and considered appellant's motion for rehearing.

██ In the original opinion we held that this case would be governed by the rule in *State v. Woods*, 114 Ariz. 385, 561 P.2d 306 (1977), which held that when a submission is tantamount to a guilty plea the defendant must be advised of the range of possible sentences. However, we reasoned that on the basis of *State v. Stenrud*, 113 Ariz. 327, 553 P.2d 1201 (1976), the rule in *State v. Woods* should not be retroactively applied.

On June 9, 1977, the Arizona Supreme Court released the opinion of *State v. Gar-*

cia, 115 Ariz. 535, 566 P.2d 683, which appears to apply *State v. Woods* retroactively.

Upon re-examination of this case we hold that it is governed by *State v. Woods, supra,* and we must therefore set aside defendant's conviction and sentence and remand this case for further proceedings consistent with this opinion.

Reversed and remanded.

JACOBSON, P. J., concurs.

FROEB, Chief Judge, Division 1, dissenting.

I would adhere to our original decision and give prospective application only to *State v. Woods,* 114 Ariz. 385, 561 P.2d 306 (1977) in the absence of an express determination of the question by the Supreme Court. The recent Supreme Court decision in *State v. Garcia,* 115 Ariz. 535, 566 P.2d 683 (filed June 9, 1977) lends some support to the majority, but due to the existence of another issue in the case, it does not deal squarely with whether *Woods* shall be retroactively applied. I believe we can look to *State v. Stenrud,* 113 Ariz. 327, 553 P.2d 1201 (1976) for support in holding that *Woods* is not to be applied retroactively.