569 P.2d 862

**STATE of Arizona, Appellee,**

v.

**Gilbert CANTU, Appellant.**

**No. 1 CA–CR 2219.**

Court of Appeals of Arizona,
Division 1,
Department B.

Aug. 9, 1977.

Rehearing Denied Sept. 13, 1977.

Review Denied Oct. 4, 1977.

Bruce E. Babbitt, Atty. Gen. by Georgia B. Ellexson, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Terry J. Adams, Deputy Public Defender, Phoenix, for appellant.

OPINION

WREN, Judge.

The defendant was indicted on two counts charging the sale of heroin. On June 1, 1976 he submitted the question of his guilt or innocence to the court on the basis of the departmental and chemists' reports and the grand jury minutes. On June 4, the court found the defendant guilty on Count I and not guilty on Count II. He was given ten years probation with the condition that he be committed to the department of corrections for 365 days.

On appeal defendant urges that his submission on the record was tantamount to a guilty plea and that the failure of the court to inform him of the range of possible sentence at the time of the submission constituted a violation of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), citing *State v. Crowley,* 111 Ariz. 308, 528 P.2d 834 (1974).

In *Crowley* it was held that when a submission is tantamount to a guilty plea a record similar to *Boykin* is required.

"The trial court must determine, and the record must reflect, that the defendant understood the significance and consequences of submitting the case on the basis of the preliminary hearing transcript. It must affirmatively appear in the record that the defendant knew that he was giving up the right to trial by jury, to testify in his own behalf, to call any witnesses, or to offer any further evidence. The record must reflect that

the defendant understood that the whole issue of his guilt or innocence of the offense charged was to be made upon the preliminary hearing transcript." *State v. Crowley,* 111 Ariz. at 311, 528 P.2d at 837.

In *State v. Jackson,* 24 Ariz.App. 308, 537 P.2d 1366 (1975) this Court turned aside a similar contention, noting that the range of possible sentence was not set forth as a requisite in *Crowley* and that it bore no logical relation to a submission proceeding, whether tantamount to a guilty plea or not. *Jackson* obviously interpreted *Crowley,* by virtue of the latter's specific enumeration of rights, as having application only to those constitutional guarantees which are lost by not going to trial, and submitting the issue of guilt or innocence to the court on the documented record. *Cf.* also *State v. Widmer,* 569 P.2d 845, opinion filed Feb. 22, 1977, Supplemental Opinion filed this date, wherein this Court held that even a submission "tantamount to a guilty plea" should not be equated with the *Boykin* rights beyond those enumerated in *Crowley* since they are basically different. The purpose of a submission on the record cannot be an ultimate adjudication of guilt.

However, the holding in *Jackson* was expressly rejected by the Arizona Supreme Court in *State v. Woods,* 114 Ariz. 385, 561 P.2d 306 (1977), which mandated that when a submission to the trial court is in effect a guilty plea, compliance with the requirements of *Boykin* and Rule 17.2,[1] Rules of Criminal Procedure, 17 A.R.S. is required. Also, *State v. Garcia,* No. 3645 filed June 9, 1977.

As noted in *State v. Woods,* supra, a troublesome question now arises. When is a submission on the record tantamount to a guilty plea? Arizona has had little precedent on the question except for the expression in *Crowley* that it is tantamount when the record contains evidence "more than sufficient for a finding of guilt."

*Woods,* in its discussion of the problem, quoted with approval suggested guidelines from *In re Mosely,* 1 Cal.3d 913, 83 Cal. Rptr. 809, 464 P.2d 473, cert. denied, *Woods v. Kropp,* 400 U.S. 905, 91 S.Ct. 144, 27 L.Ed.2d 142 (1970):

"Reference to the facts of the particular case is necessary. We can conceive of many cases wherein submission on the transcript of the preliminary examination would in no way have the practical effect of a guilty plea. Purely by way of example and without intending any limitation, we include among these the following: (1) a case wherein the preliminary examination involved substantial cross-examination of prosecution witnesses and the presentation of defense evidence, and (2) a case wherein the facts revealed at the preliminary examination are essentially undisputed but counsel seeks to make an argument to the court as to the legal significance to be accorded them." 1 Cal.3d at 924–25 n. 9, 83 Cal.Rptr. at 815 n. 9, 464 P.2d at 479 n. 9.

\* \* \* \* \* \*

"We do not hold in this case that a defendant's submission of his case to the trial court on the transcript of the preliminary examination is ipso facto tantamount to a plea of guilty. As we have pointed out (fn. 9, ante, and accompanying text), there are many instances in which such submission would *not* have the same practical effect as a guilty plea. *Our decision is simply that where, as in the instant case, the defendant submits his case on a transcript of the preliminary hearing which under the circumstances can offer him no hope of acquittal, such submission is tantamount to a plea of guilty and must be accompanied by the constitutional and statutory safeguards which such a plea entails.*" Id. at 927, 83 Cal.Rptr. at 817, 464 P.2d at 481. (Emphasis ours.)

---

1. Rule 17.2 provides:
   "[T]he court shall address the defendant personally in open court, informing him of and determining that he understands the following:
   
   \* \* \* \* \* \*

"b. The nature and range of possible sentence for the offense to which the plea is offered, including any special conditions regarding sentence, parole, or commutation imposed by statute;"

Two other California cases were also referred to in *Woods, People v. Hobbs*, 10 Cal.App.3d 831, 89 Cal.Rptr. 123 (1970) and *People v. West*, 15 Cal.App.3d 1015, 93 Cal. Rptr. 496 (1971), both of which held that extensive cross-examination of prosecution witnesses and a denial of guilt under oath by the defendant did not have the practical effect of a guilty plea. The submission in the *Woods* case, itself, however, was held clearly to be the equivalent of a guilty plea, even though the submitted record contained extensive cross-examination, since the appellant there had "neither argued the legal significance of the facts nor presented any defensive evidence."

There is another obvious problem, when does the trial judge make a determination as to the nature of the submission? In *State v. Gaines*, 113 Ariz. 206, 549 P.2d 574 (1976), the Arizona Supreme Court noted a distinction between a submission tantamount to a guilty plea and one that was not and stated that the former required "compliance of the mandate of *Boykin*" while the latter necessitated only the due process requirements that the defendant be advised that he was giving up his right to trial by jury and that guilt or innocence would be decided on the submitted record.[2] We find it difficult to distinguish these stated requirements of due process on a submission which is *not* tantamount to a guilty plea from those set forth in *Crowley* as being required when the submission *is* tantamount to a guilty plea. Clearly the defendant must be advised of his rights in either case and this advice must be given *at the time of the submission*. When, however, in point of time is the nature of the submission to be ascertained?

We agree with the Chief Justice Cameron's dissent in *Gaines* that whether a submission is or is not tantamount to a guilty plea is difficult to determine and that

*Crowley* should apply to either case. In *State v. Payne*, 110 Ariz. 506, 520 P.2d 1130 (1974), the Supreme Court rejected the defendant's contention on appeal that there was no evidence upon which the court could acquit and that the submission was therefore tantamount to a guilty plea. The court reasoned that the only evidence in the submitted record was the testimony of a ten-year old victim and that such testimony was often vague and uncertain; and further noted that the trial court had the question of guilt or innocence on the submitted record under advisement for 18 days.

Since guilt on a submission is determined solely on the evidence adduced at prior proceedings and any departmental reports submitted to the court, in the normal submission context there can usually be no summary determination of the nature of the submission. It follows that unless the trial court is required to accept and does accept the defendant's stipulation, if one is made at all, at the time of the submission that the record clearly indicates guilt, the court would have to delay a determination of whether the submission was tantamount to a guilty plea until the record had been reviewed. This determination we can definitely note from judicial experience might take several days.

█ It appears obvious that the warnings required by *Crowley* and *Gaines* and as amplified in *Woods* must be given at the time of the submission even though not known at that time by the court whether the record contains the requisite evidence to constitute a submission tantamount to a guilty plea. Further, from the language in *Woods*, it appears that it must be given even in those instances (to draw from the language of *Payne*) where the defense has some expectation that an experienced trial judge might not find the defendant guilty beyond a reasonable doubt.

---

2. "In cases in which the submission on the record is not equivalent to a guilty plea, the requirements of *Boykin* are not applicable, but the requirements of due process necessitate that there be a knowing waiver of the constitutional rights relinquished by such submission. It is necessary that the record show that the defendant was advised that he was giving up his right to trial by jury and that the whole issue of guilt or innocence would be decided on the submitted record." *State v. Gaines*, 113 Ariz. at 207, 549 P.2d at 575.

Are we not placing another stumbling block before an already beleaguered trial judge? The rhetoric of *Boykin* is difficult of application, and the ever-growing pattern of submissions brings home the importance of the proper colloquy between the court and the defendant. Yet we continue to frustrate the trial judge with doctrines that leave unanswered questions.

If we are to apply the full *Boykin* rights to a submission proceeding, we would respectfully submit that any distinction as to the nature of the submission, i. e., whether tantamount to a guilty plea or not, is immaterial to the question of compliance with Rule 17.2(b).

It is a distinction which we need not be concerned with here. Under the guidelines laid down in *Crowley* and *Woods* we find the submission sub judice to be tantamount to a guilty plea. The State has not contended otherwise, although the argument in its brief focused on *Jackson* and not the nature of the submission.

Under *State v. Woods*, supra and *State v. Garcia*, supra, the trial judge committed reversible error in failing to inform the defendant of the range of possible sentence. The case must be remanded to the trial court for a determination of whether or not defendant was aware of the range of possible sentence. *State v. Garcia*, supra; *State v. Encinas* (Supplemental Opinion), 1 CA–CR 2127/2128 (filed August 4, 1977); *State v. Widmer*, Supplemental Opinion, supra.

Remanded for proceedings consistent with this opinion.

SCHROEDER, P. J., and EUBANK, J., concur.