572 P.2d 115

**STATE of Arizona, Appellee,**

v.

**James Albert GOETTEL, Appellant.**

**No. 1 CA–CR 2404.**

Court of Appeals of Arizona, Division 1, Department A.

Oct. 25, 1977.

Supplemental Opinion Nov. 14, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div.,

Diane M. DeBrosse Hienton, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt, Jr., Deputy Public Defender, Phoenix, for appellant.

## OPINION

FROEB, Chief Judge.

Appellant James Goettel was convicted of unlawfully possessing dangerous drugs (amphetamines) following the submission of his case based on the preliminary hearing transcript and the police and the laboratory reports to the trial court sitting without a jury. Imposition of sentence was suspended and appellant was placed on probation for one year. This appeal from the conviction followed.

On May 28, 1976, appellant was arrested by Phoenix police officer Bullard on a charge of driving while under the influence of intoxicating liquor. Officer Bullard was operating as a motorcycle officer at the time of the arrest and radioed for assistance in transporting appellant to the police station. When a police wagon arrived, thirty minutes to an hour later, the assisting officer searched appellant and took from him a medicine bottle containing a nonprescription substance and a twelve-tablet Bayer aspirin container, handing them over to Bullard. Appellant was then taken to the police station and given a blood-alcohol test. Upon completion of the booking, Officer Bullard released appellant from custody but told him not to drive his vehicle.

About five minutes after the release, Bullard discovered that he had forgotten to return the medicine bottle and the aspirin container to appellant. Bullard decided to go to appellant's residence to give them back. As he arrived he saw appellant drive up to the residence in his car and arrested him on a new charge of driving while under the influence of intoxicating liquor. While waiting for the police wagon to arrive, Bullard took appellant's aspirin container from his pocket and, for the first time, opened it. He saw numerous small white pills marked with white crosses and became suspicious

that they were illegal. A test performed upon them indicated that they were amphetamines. Appellant was then arrested on the drug charge.

Appellant contends that the trial court erroneously denied his motion to suppress the physical evidence. He argues that the opening of the aspirin container was a search based on curiosity rather than probable cause and that, while the warrantless seizure may have been proper as incident to a lawful arrest, the subsequent search was so remote from the initial arrest, when the container was seized, that it cannot fall within the incident to a lawful arrest exception to the warrant requirement. Appellant also contends that the submission of his case to the trial court was tantamount to a guilty plea and that the trial court's failure to advise him of the possible range of sentences constituted reversible error. Finally, appellant argues that the condition of his probation requiring him to submit to a warrantless search and seizure at any time by any police or probation officer was illegal.

Turning to the first issue, we face a unique fact situation which we must place on one side or the other of the line of constitutionality under fourth amendment analysis.

We do not think extended discussion is required in upholding the initial search and retention of the box of pills by Officer Bullard. The exception to the warrant requirement of the fourth amendment for a search incident to a lawful arrest encompasses a full search of the arrested person and requires no additional justification or legal authority. *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *Gustafson v. Florida*, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973); *United States v. Edwards*, 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974); *State v. Jackson*, 112 Ariz. 149, 539 P.2d 906 (1975). Thus, if Officer Bullard had inspected the pillbox and made his discovery during the arrest and custody sequence, there would be no question as to the validity of the search. As the United States Supreme Court stated in *Edwards*, "It is difficult to perceive what

is unreasonable about the police examining and holding as evidence those personal effects of the accused that they already have in their lawful custody as the result of a lawful arrest." 415 U.S. at 806, 94 S.Ct. at 1238.

The substance of appellant's contention is that the fortuitous delay caused by Officer Bullard's forgetting to return the pillbox and then his trip to appellant's residence to return it ended his authority to search and seize the item. We reject this notion and hold that the continued custody of the pillbox under these circumstances did not become constitutionally unreasonable and the pills remained susceptible to search and seizure during the sequence here involved. The fact that it did not occur to Officer Bullard to inspect the pillbox until the second arrest of appellant, some 60 minutes after its original seizure, may illustrate that the machinery of suspicion sometimes works slowly, but it does not require that the bar of the fourth amendment be lowered where once it had been lifted. To do so would give the mere passage of time greater constitutional importance than the circumstances themselves.

Our view of this situation is supported by *State v. Gonzales*, 111 Ariz. 38, 523 P.2d 66 (1974) in which clothing, taken from the defendant following his arrest for public drunkenness, was given by the Glendale Police Department to the Maricopa County Sheriff's Office for use in a murder charge against him. The Arizona Supreme Court held that there was no error either in the delay between seizure and examination or in the transfer from one law enforcement agency to another. *See also, State v. Parra*, 104 Ariz. 524, 456 P.2d 382 (1969) in which the contents of defendant's wallet were reexamined after the initial arrest.

The fact that, as he drove into his driveway, appellant was arrested a second time by Officer Bullard adds to the soundness of our decision. This would have again entitled law enforcement personnel to make a full *Robinson* search of appellant. Obviously this would have disclosed the box of pills. While we have chosen to validate the search

on the basis of the first arrest, the second arrest affords a separate basis upon which the search can be sustained.

Finally, we reject as inapplicable the recent United States Supreme Court decision in *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977). We do so primarily because the case involved a search of personal property found not on the defendant's person but rather in close proximity to him and under his control. It is clear from the opinion that this, together with other factors, invalidated the warrantless search in that case.

■ The next issue is whether the submission of the case to the court on the record was made knowingly, voluntarily and intelligently. The record shows that the submission was proper in all respects except that the court did not advise appellant of the possible range of sentences prior to accepting the submission. The Arizona Supreme Court in *State v. Woods*, 114 Ariz. 385, 561 P.2d 306 (1977) recently held that a submission which is tantamount to a guilty plea must comply with Rule 17.2, R.Crim. Proc., which includes advising the defendant as to the range of possible sentences. This is such a case under the test established in *Woods*. While the error would ordinarily mandate reversal, *Woods* does not apply since the submission here predated the decision in *Woods*. In the absence of a ruling by the Supreme Court to the contrary, we hold that *Woods* is not to be given retroactive application. *See, State v. Stenrud*, 113 Ariz. 327, 553 P.2d 1201 (1976). *Contra, State v. Encinas*, 571 P.2d 283 (filed May 17, 1977, Ariz.App.), Supplemental Opinion (filed August 5, 1977), *review granted* No. 4015 (filed September 22, 1977); *State v. Widmer*, 116 Ariz. 415, 569 P.2d 845 (filed February 2, 1977), Supplemental Opinion (filed August 9, 1977); *State v. Cantu*, 116 Ariz. 432, 569 P.2d 862 (filed August 9, 1977).

■ The final issue concerns a condition of probation requiring appellant to "submit to search and seizure of person or property at any time by any police officer or probation officer without the benefit of a search

warrant." On the basis of *State v. Montgomery*, 115 Ariz. 583, 566 P.2d 1329 (1977) we reject appellant's contention that the condition is unlawful.

For the foregoing reasons, the judgment and conviction and imposition of probation are affirmed.

## SUPPLEMENTAL OPINION

On October 25, 1977 this Court issued its opinion in this matter affirming the appellant's conviction of unlawful possession of dangerous drugs. One issue raised on appeal was whether appellant's submission, which was tantamount to a guilty plea, was made knowingly, voluntarily and intelligently where the record did not reflect that appellant had been advised of the possible range of sentencing prior to acceptance of the submission.

In *State v. Woods*, 114 Ariz. 385, 561 P.2d 306 (1977) the Arizona Supreme Court held that a submission which is tantamount to a guilty plea must comply with Rule 17.2, Rules of Criminal Procedure, 17 A.R.S., including advice as to the range of possible sentence. In affirming appellant's conviction, this Court held that *Woods* should not be given retroactive application.

On October 25, 1977, the Arizona Supreme Court announced its decision in *State v. Encinas*, 571 P.2d 283, which held that the question did not depend on whether *Woods* was retroactive. The Court there held that the requirement that defendant be advised of the range of possible sentence pre-dates the decision in *Woods* and that *Woods* did not announce a new rule. Under *Encinas*, therefore, the present record in this case will not support conviction of the appellant since it does not show that he was aware of the possible range of sentence.

Accordingly, the case is remanded to the trial court for further proceedings. The trial court shall hold an evidentiary hearing within 30 days of the issuance of this Court's mandate. If the trial court finds that appellant was not informed of the range of sentencing for a conviction under A.R.S. 32–1996(B), it must set aside appellant's conviction and reinstate the informa-

tion. If the Court finds that appellant was informed, it shall make a minute entry order of its findings of fact and certify them to this Court.

Remanded with directions.

NELSON, P. J., and HAIRE, J., concur.