612 P.2d 1071

**STATE of Arizona, Appellee,**

v.

**George Allen REUBEN, Appellant.**

**No. 1 CA–CR 4126.**

Court of Appeals of Arizona,
Division 1,
Department B.

March 18, 1980.

Rehearing Denied April 16, 1980.

Review Denied June 17, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Div. and Jessica L. Gifford, Asst. Attys. Gen., Phoenix, for appellee.

Robinson & Syme, by James J. Syme, Jr., Glendale, for appellant.

## OPINION

HAIRE, Judge.

Appellant George Allen Reuben was convicted of possession of a narcotic drug (cocaine) and possession of marijuana in violation of A.R.S. § 36–1002 and A.R.S. § 36–1002.05 respectively. He was placed on probation for three years on both counts. Two arguments are presented on appeal: First, whether the odor of burned marijuana, standing alone, established probable cause to search appellant's automobile; second, whether there was a valid consent search of his automobile.

At approximately 7:30 p. m. on the evening of November 15, 1978, an officer stopped appellant's car for a speeding violation. As the officer approached the driver's side to ask for his license, he smelled the odor of burned marijuana inside the car. Appellant was taken from the car and a pat-down search was conducted. He was advised of his *Miranda* rights and was asked if he would cooperate with the officer in conducting the search of the car. The appellant stated that he would cooperate, walked up to the passenger side of his car with the police officer, reached inside and handed the police officer a plastic container. The officer opened it and found marijuana inside. After handcuffing the appellant

and placing him in the back of his patrol car, the officer conducted a further search of appellant's car and found two glass vials of cocaine inside a shaving kit which had been lying behind the front seat. Another vial of cocaine was found inside appellant's pocket when he was booked at the police station.

In a pretrial motion to suppress, appellant argued that the mere odor of burned marijuana, as opposed to burning marijuana, without any additional evidence, was insufficient to establish probable cause and therefore the evidence should have been suppressed as having been obtained in violation of the fourth amendment. It was also argued that because of the coercive atmosphere created by the arrest, the appellant's alleged consent for the officer to search his automobile was involuntary. Although the trial judge found that appellant did not consent to the search, he also found that the search was based upon probable cause. He therefore denied the motion to suppress. The issue of appellant's guilt was then submitted to the trial court for determination based upon the transcript of the preliminary hearing, the motion to suppress and the police and laboratory reports. After the judgment of guilt and sentence, this appeal followed.

We agree with the trial court's ruling that there was probable cause to search appellant's automobile. Simply stated, appellant's argument is that because the officer testified at one point that the odor of burnt marijuana could remain in an automobile for up to two days, there was no probable cause to believe that marijuana was then in the automobile absent any other facts such as smoke in the car, visible debris, erratic driving or other evidence to indicate that appellant had recently been using marijuana. In support of his argument appellant cites *People v. Hilber*, 403 Mich. 312, 269 N.W.2d 159 (1978). However, we do not find the majority opinion in *Hilber* to be persuasive, and believe the issue has been sufficiently addressed in Arizona in the case of *State v. Decker*, 119 Ariz. 195, 580 P.2d 333 (1978).

In *Decker*, while investigating a crime at a hotel, an officer smelled the odor of burned marijuana coming from the defendant's hotel room. In discussing whether this evidence alone established probable cause, Judge Ogg in a dissenting opinion in the Court of Appeals, *State v. Decker*, 119 Ariz. 213, 580 P.2d 351 (App.1977) stated:

"In my opinion, under the facts of this case, the mere odor of burning marijuana is not by itself sufficient circumstantial evidence to constitute probable cause to justify entry into a private residence to effect a warrantless arrest. [Citations omitted]. The aroma of burnt marijuana may have a tendency to linger in a closed environment and provides no reliable clue regarding the occupants of the residence or whether a usable amount of marijuana is concealed therein." 119 Ariz. at 216, 580 P.2d at 354.

In rejecting this argument, the Arizona Supreme Court stated:

"Even if the smell of burned marijuana has a lingering effect, as is urged, we think that a man of reasonable prudence, upon smelling the odor of burned marijuana, would believe that marijuana is probably present. The odor of burned marijuana provides a rational inference that marijuana is likely in the process of still being burned." 119 Ariz. at 197–98, 580 P.2d at 335–36.

Here, the Arizona Supreme Court not only held that the smell of burned marijuana established probable cause to believe there was marijuana in the room, the odor was held to be sufficient to provide probable cause to believe the occupant was smoking marijuana, that the marijuana might be destroyed, and coupled with failure of the occupant to answer the door, that there were exigent circumstances to enter the room without a warrant.

The more recent case of *State v. Valenzuela*, 121 Ariz. 274, 589 P.2d 1306 (1979), cited by appellant, does not support his argument. In *Valenzuela*, the defendant and four companions were seen by a police officer standing near their automobile. As the officer passed in his patrol car, he de-

tected a strong odor of marijuana. Upon stopping and approaching the group he noticed the appellant putting his hand into his right front pocket. When he came closer, he smelled the odor of marijuana about the appellant and also saw a large bulge in appellant's right front pants pocket. He asked the appellant what was in his pocket, to which the appellant replied "nothing". The officer then removed a plastic bag of marijuana from appellant's pocket. Citing *Decker*, the court held that the odor alone would lead a reasonable person to believe that marijuana had been burned in the immediate vicinity shortly before his arrival. However, the court held that probable cause to believe that a felony was committed was not alone sufficient to justify Valenzuela's arrest. The officer also had to have probable cause to believe that Valenzuela was the person who had committed the felony. Absent any other circumstances, it was just as likely that one of the other companions had smoked the marijuana. Nevertheless, the arrest was upheld because of the bulge in Valenzuela's pocket and his lie when being asked what was in the pocket. In the case at bar, there is no difficulty in determining who was the probable offender. The appellant was alone in his car on a highway outside of Phoenix. We hold, therefore, that the officer had probable cause to search the appellant's automobile.

Because the search was based upon probable cause and there were exigent circumstances to search the vehicle, *State v. Walker*, 119 Ariz. 121, 579 P.2d 1091 (1978), we need not reach the second issue of whether appellant's consent was voluntary.

Reviewing the record for fundamental error as required by A.R.S. § 13–4035, we note that at the time appellant waived his right to a trial by jury and submitted the case to the trial court based upon the record, he was not advised of his right to testify on his behalf, to call witnesses, to offer further evidence, nor of the range of sentence to which he would be exposed as is required where a submission is tantamount to a guilty plea. *State v. Woods*, 114 Ariz. 385, 561 P.2d 306 (1977); *State v. Crowley*, 111 Ariz. 308, 528 P.2d 834 (1974). Here, the evidence was such that the submission was clearly equivalent to a guilty plea. Thus, the matter must be remanded to the trial court for a determination, pursuant to Rule 17.2, Arizona Rules of Criminal Procedure, of whether at the time of submission the appellant was aware of the rights indicated above and the possible penalties to which he was exposed. If the court finds that the appellant was not adequately informed, all proceedings subsequent to and including the submission will be set aside and the prosecution will continue from that point.

If the trial court finds the appellant was adequately informed, this Court shall be advised by appropriate findings of fact, in which event, if the findings are supported by the evidence, the judgment of conviction and sentence will be affirmed.

The case is remanded to the trial court for further proceedings consistent with this opinion.

EUBANK, P. J., and O'CONNOR, J., concur.