617 P.2d 1155

**STATE of Arizona, Appellee,**

v.

**Mario AVILA, Appellant.**

**No. 1 CA–CR 4085.**

Court of Appeals of Arizona, Division 1, Department A.

April 8, 1980.

Rehearing Denied May 23, 1980.

Review Granted June 17, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, Lynn Hamilton, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Joel M. Glynn, Deputy Public Defender, Phoenix, for appellant.

## OPINION

WREN, Judge.

The Appellant, Mario Avila, was charged with child molesting in violation of A.R.S. § 13–653. At the conclusion of a prelimi-nary hearing on September 1, 1978, he was held to answer for the offense in superior court. Appellant's motion to remand for a new determination of probable cause on September 25, 1978, was denied, and on February 28, 1979, he executed a waiver of trial by jury and agreed to submit the issue of his guilt or innocence to the court on the preliminary hearing transcript and the police department report. The trial court thereafter, on March 6, 1979, found appel-lant guilty of the offense charged and placed him on probation for a period of five years.

The appellant has appealed, contending that the submission was tantamount to a guilty plea and that the trial court failed to comply with *State v. Woods*, 114 Ariz. 385, 561 P.2d 306 (1977), in that it did not advise him of his privilege against self–incrimina-tion nor the range of possible sentence and special conditions of incarceration.

The State concedes the lack of compliance with the mandate of *State v. Woods*; *also see State v. Crowley*, 111 Ariz. 308, 528 P.2d 834 (1974); *State v. Gaines*, 113 Ariz. 206, 549 P.2d 574 (1976), and acknowledges in substance that the submission was tanta-mount to a guilty plea, but urges this Court to utilize the case as a vehicle to reevaluate the procedural requirements imposed on a submission proceeding by *State v. Woods*.

In responding to this invitation we refer the prosecution to *State v. Cantu*, 116 Ariz. 432, 569 P.2d 862 (App. 1977), wherein this Court expressed dissatisfaction with the full application of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), to a submission hearing factually analogous to that before us here.

As noted in *Cantu*, we feel that the purpose of a submission on the record can-not be an ultimate adjudication of guilt of the crime charged. We further noted the difficulty surrounding a trial court's deter-mination, at the time of a submission, whether it is in fact tantamount to a guilty plea or not; since such a determination can often be made only after a thorough study of the record, which may take several weeks. The reason for a submission, of

course, is to avoid a waiver of possible defenses, particularly the denial of a motion to suppress, which is lost by the entry of a plea of guilty. *State v. Simms*, 118 Ariz. 210, 575 P.2d 1236 (1978).

We do not believe, however, that the accused should have his cake and eat it too. Either he is guilty under the charge or he is not. If he chooses to plead not guilty then a trial to the jury or to the court should proceed to determine the question of guilt under "trial" rules, not "*Boykin*" rules. We find little correlation between the prosecution of an appeal on the exclusionary rule of evidence, with the obvious hope of an eventual acquittal by the accused, and the concept of a *Boykin* warning against self–incrimination and knowledge of the sentencing range.

The record before us is a classic example. The appellant initially entered a plea of not guilty on September 13, 1978. This was followed on September 25, 1978 by an unsuccessful motion to remand to the justice court for a new finding of probable cause, attached to which motion was a memorandum of points and authorities that A.R.S. § 13–653 was never designed to proscribe touching the private parts of a child through a bathing suit. The appellant argued that:

> Since the evidence at the preliminary hearing did not show that the defendant touched the unprotected or clothed [sic] genitals of the child, the defendant requests that the case be remanded to the justice court for a new finding of probable cause.

The motion for remand was accompanied by an oral argument to the court voicing this same legal argument. Yet on appeal defense counsel urges that the submission was tantamount to a guilty plea and that the failure of the court to inform appellant of his right against self–incrimination and the range of possible sentence violated *Boykin v. Alabama*. It is incongruous to us that counsel should assert the innocence of his client to the charge before the court at the time of the submission, and yet on appeal claim that the submission was clearly tanta-

mount to a guilty plea, and that the warnings required by *Boykin* were lacking. We would also fault the defense for a complete failure to advise the trial judge of the requirements of *State v. Woods*, at the time of the submission, and then urge the court's failure to do so on appeal. Such a practice is disturbing to this Court.

A remand here is mandated, not because of improper evidence or for non–compliance with the Rules of Criminal Procedure, but because in the aftermath of an argument that rubbing the victim's genitals through a bathing suit could not constitute the crime charged, it becomes eminently clear under the case law as it has developed, that the entire record, fairly read, "could offer no hope of an acquittal" under the rationale of *State v. Woods* and that the trial court was in essence dealing with a guilty plea and the requirements of *Boykin* because of the stipulated evidence. *Cf.* the argument of insufficient evidence in *State v. Garcia*, 115 Ariz. 535, 566 P.2d 683 (1977); *also State v. Reuben*, 126 Ariz. 108, 612 P.2d 1071 (1980), where this Court turned aside a strong argument on a motion to suppress that the odor of burnt marijuana did not constitute probable cause to search a vehicle, and that appellant's alleged consent to the search was involuntary; ruling that "the submission was clearly equivalent to a guilty plea." In both *Garcia* and *Reuben* the matter was remanded to determine awareness of *Boykin* rights.

Any change, however, in this confusing procedure must be deferred to the Arizona Supreme Court. *State v. Korte*, 115 Ariz. 517, 566 P.2d 318 (App. 1977). Hopefully, if we continue knocking at the door, someone will answer.

The case is remanded to the trial court for a determination of whether appellant was aware of his right against self–incrimination and the range of possible sentence.

Remanded.

FROEB, P. J., and DONOFRIO, J., concur.