617 P.2d 1137

STATE of Arizona, Appellee,

v.

Mario AVILA, Appellant.

No. 5008–PR.

Supreme Court of Arizona, En Banc.

Sept. 17, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Joel M. Glynn, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

Defendant–appellant, Mario Avila, was charged with child–molestation in violation of A.R.S. § 13–653 (Supp.1978) of our pre–revision Criminal Code. At a September 1, 1978 preliminary hearing, probable cause to prosecute was found to exist and appellant was ordered to answer the allegations before the Superior Court. On February 28, 1979, appellant executed a "Waiver of Trial By Jury" and agreed to submit the determination of guilt or innocence to the court, based solely upon the transcripts of the preliminary hearing and the departmental report. Based upon this evidence, appellant was adjudged guilty as charged; imposition of sentence was suspended, and he was placed on probation for a period of five years. Appellant thereupon filed an appeal to the Court of Appeals.

Citing *State v. Crowley*, 111 Ariz. 308, 528 P.2d 834 (1974); *State v. Gaines*, 113 Ariz. 206, 549 P.2d 574 (1976); and *State v. Woods*, 114 Ariz. 385, 651 P.2d 306 (1977), appellant contended that when a submission to the court is tantamount to a guilty plea, the accused must receive the entire litany of *Boykin* rights.[1] Appellant's submission, it was claimed, was the practical equivalent of a guilty plea and error was therefore alleged in the failure of the trial court to advise him of his privilege against self–incrimination and of the range and possible special conditions of sentence. *State v. Garcia*, 115 Ariz. 535, 566 P.2d 683 (1977). The Court of Appeals reversed, *State v. Avila*, 127 Ariz. 39, 617 P.2d 1155 (1980)

---

1. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

and the State of Arizona moved, unopposed, for rehearing, requesting a reconsideration of the entire *Crowley–Woods* line of cases. Its motion denied, the state has filed the instant petition for review, and we accepted jurisdiction pursuant to A.R.S. § 12‑120.24. The opinion of the Court of Appeals is vacated.

The "submission tantamount to a guilty plea" problem has plagued the courts of this state since its 1974 adoption in *Crowley, supra.* It has entangled the trial courts in a series of procedural and substantive obstacles and has been condemned as unworkable by the Court of Appeals. *State v. Cantu*, 116 Ariz. 432, 569 P.2d 862 (App.1977). In fact, the difficulties inherent in the principle have inspired our lower appellate court to articulate its frustration as follows:

"[In] *State v. Cantu*, 116 Ariz. 432, 569 P.2d 862 (App.1977) . . . this Court expressed dissatisfaction with the full application of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), to a submission hearing factually analogous to that before us here.

.   .   .   .   .

"Any change, however, in this confusing procedure must be deferred to the Arizona Supreme Court. (citation omitted). Hopefully, if we continue knocking at the door, someone will answer." *State v. Avila, supra.*

In response to the graphic request of our brethren below, we have responded by again examining the various ramifications of this problem. The learned appeals court judges' knock on the door is answered.

## I

Our analysis focuses initially upon the prior decisions of this court which have given rise to the instant dispute.

In *State v. Payne*, 110 Ariz. 506, 520 P.2d 1130 (1974), Arizona recognized for the first time that *Boykin* warnings may be necessary in a case which is submitted for determination by the court and in *State v. Crowley, supra*, this principle became the law of the land. In *State v. Gaines, supra*, how-

ever, we explained *Crowley* as applying solely to those submissions which were the practical equivalent of a plea of guilty.

The difficulties attending the doctrine initially became apparent in *State v. Woods, supra*, where we attempted to define with precision those situations in which a submission was to be considered tantamount to a guilty plea. Citing with approval a series of California decisions, we noted that where the proffered record offered no hope of acquittal, the submission was manifestly identical to a plea of guilty and held, *inter alia*, that mere cross–examination of state's witnesses at the preliminary hearing did not, by itself, suffice to deny the submission the protection afforded guilty plea equivalents.

*State v. Garcia, supra*, again presented this court with a difficult definitional problem. The submission there, however, was held tantamount to a guilty plea based upon the existence of incriminating statements contained in the departmental reports. Moreover, *Garcia* exposed the additional dilemma of classifying precisely those Constitutional rights which are waived upon a submission essentially identical to a plea of guilty. We held that in addition to those rights outlined in our previous opinions, the defendant must be informed of his privilege against self–incrimination and of the permissible range of sentence.

Based upon those obstacles outlined above, and others subsequently discussed, appellant would have us restructure the entire "tantamount to a guilty plea" doctrine. Having now had an opportunity to view the operation of the rule, and upon a careful balancing of the orderly administration of justice against the potential prejudice to an accused, it is the considered opinion of this court that *Crowley, supra*, and all opinions relying thereon, must be overruled.

Our decision is based upon examination of several factors. Initially, as indicated previously in this opinion, the "tantamount to a guilty plea" doctrine has been one more readily articulated than applied. For example, defining those circumstances which

transform a mere submission into one tantamount to a guilty plea has proved a difficult and often elusive endeavor. Must the record submitted offer no hope of acquittal, or may it contain some exculpatory evidence? Is it *sufficient if the submission is* entered pursuant to an agreement with the state? Issues such as these, in concert with the countless foreseeable combinations of such circumstances, reveal the futility of attempting formulation of precise standards capable of application by a trial court.

Moreover, a critical problem in this regard is created by the time at which the court's distinction must be drawn. We have stated that ordinary submissions and those equivalent to a guilty plea require contrasting warnings. *Gaines, supra.* Clearly, the requisite instructions, whether *Boykin* or otherwise, must be given the accused *prior* to his submission or submission tantamount to a guilty plea. A judge, however, having not yet had the full opportunity to view the record in the case, is, unfortunately, unable to determine the category of submission before him and is therefore at a loss in offering the appropriate caution to the defendant.

Of additional concern to us is the unfair advantage permitted the accused by the "tantamount to a guilty plea" procedure. The doctrine allows the defendant, in essence, to plead guilty, while retaining many of those rights (*e. g.*, right to test searches, right to challenge the voluntariness of pre-.trial admissions, and right to test identification on appeal) normally deemed waived pursuant to entry of such a plea. In addition, the theory permits the accused to submit his cause for bench decision, fail to notify the court that the submission may be tantamount to a guilty plea, and subsequently complain initially on appeal about the failure to receive the special warnings.[2] Although we appreciate that the *Boykin* rules in question should not be given an

overly restrictive construction, this does not require, nor even suggest, that the accused be permitted to do violence to the systematic administration of justice.

We find additional support for our conclusion in the jurisprudence of our sister states. Our research reveals that only three other jurisdictions—Illinois, California and Washington, D.C.–have adopted the "submission tantamount to a guilty plea" principle. Moreover, in *United States v. Foundas,* 610 F.2d 298 (5th Cir.1980), the Court of Appeals rejected as frivolous the contention that rule 11(c) of the Federal Rules of Criminal Procedure, regarding advice to the defendant upon the entry of a plea of guilty, applies to causes submitted upon stipulated facts.

■ Finally, we feel it important to note that the rights of the criminally accused will not be prejudiced by our decision this day. Rejecting the artificial distinction between submissions ordinary and those tantamount to a guilty plea will not discourage use of the submission process, since, as previously noted, it is only through this procedure that an accused not desiring a trial may preserve issues on appeal.

II

■ Having rejected the submission tantamount to a guilty plea doctrine, we are next called upon to determine the warnings which must be afforded the submitting defendant. For purposes of clarity, we list as follows those rights which are waived by submission of the case to the court or of which defendant must be informed:

1. The right to a trial by jury where he may have representation of counsel;

2. The right to have the issue of guilt or innocence decided by the judge based solely upon the record submitted;

3. The right to testify in his own behalf;

2. The case *sub judice* reveals an obvious example of such abuse. At the waiver of jury trial proceedings, counsel for respondent was specifically requested to advise the court of any appropriate omitted warnings. Although counsel suggested that the voluntariness of the sub-

mission be investigated, he proposed no instructions regarding the privilege against self incrimination nor the range of permissible sentence. On appeal, however, respondent's attorney alleged these omissions as error.

4. The right to be confronted with the witnesses against him;

5. The right to compulsory process for obtaining witnesses in his favor;

6. The right to know the range of sentence and special conditions of sentencing.

In addition, as in any proceeding involving the surrender of Constitutional rights, it must appear from the record that the waiver was knowingly, intelligently and voluntarily made. Such condition of mind, moreover, will not be presumed from a silent record. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), 17 A.R.S. Rules of Criminal Procedure, rule 18.1

### III

■ Finally, we must apply the rule announced to the circumstances of the case at bar. While the record before us establishes the voluntariness of respondent's submission and the fact he received five of the six previously described warnings, there was no warning of the range and special conditions of sentencing. Accordingly, we order the cause to be remanded to the Superior Court and direct an evidentiary hearing to be held to determine whether respondent was aware, prior to submission, of the possible range of sentence. *State v. Dishong*, 122 Ariz. 218, 594 P.2d 84 (1979); *State v. Ellis*, 117 Ariz. 329, 572 P.2d 791 (1977); *State v. Janise*, 116 Ariz. 557, 570 P.2d 499 (1977). The trial court shall then report its findings of fact to this court within 60 days of the issuance of the mandate.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.