Luis Llanes QUIROZ,
Petitioner-Appellant,

v.

Donald WAWRZASZEK,
Respondent-Appellee.

No. 83–1656.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 9, 1984.

Decided Dec. 27, 1984.

Francisco Leon, Asst. Federal Public Defender, Tucson, Ariz., for petitioner-appellant.

Gary A. Fadell, Asst. Atty. Gen., Dept. of Law, Phoenix, Ariz., for respondent-appellee.

Before TANG, CANBY and BEEZER, Circuit Judges.

CANBY, Circuit Judge.

Luis Quiroz appeals the district court's grant of the state of Arizona's motion to dismiss his writ of habeas corpus. Quiroz contends that he did not knowingly and intelligently waive his constitutional rights when he submitted his case to the state trial judge because he was not advised of the maximum penalty for the submitted charges. At issue is whether the trial judge must advise the defendant of the maximum sentence for a submitted charge as a prerequisite for a knowing and intelligent waiver of fifth and sixth amendment rights. We affirm the district court's dismissal of Quiroz's writ of habeas corpus.

## FACTS

In December 1975, Quiroz was charged with three counts of the sale of narcotics.

Pursuant to an agreement with the prosecutor, Quiroz submitted the case to the state trial court for decision on the police reports. In exchange, the prosecutor agreed that counts one and two and a separate escape charge would be dismissed and that Quiroz would be found guilty on count three. This submission procedure was used to circumvent a county policy prohibiting plea bargaining in narcotics cases.

Assisted by a Spanish-speaking interpreter, the trial court advised Quiroz, on the record, of his right to a jury trial, his right to call and confront witnesses, his right to remain silent and the presumption of innocence and explained the consequences of waiving those rights. The court, however, did not inform the defendant of the range of potential sentences for the submitted charges. Quiroz was convicted on count three and sentenced to not less than ten years and not more than life in prison.

Quiroz exhausted his state remedies and petitioned the district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 21, 1982, a federal magistrate held an evidentiary hearing and found that Quiroz was aware of the potential sentences. Although neither of his public defenders could recall the case, both of them testified that it was their standard practice to explain the maximum sentences before the client submitted his case. The district court found that Quiroz's lawyers explained the submission agreement and its consequences to Quiroz and that Quiroz understood the maximum sentence despite a language barrier between counsel and the defendant. Counsel communicated with the Spanish-speaking Quiroz through a combination of English, sign language and drawings. The district court found the communication to have been adequate and held that Quiroz knowingly and intelligently waived his constitutional rights. The court also rejected Quiroz's claim that he was denied the effective assistance of counsel at trial and on appeal in the state courts.

## ANALYSIS

### 1. Failure to Follow State Procedure

■ Arizona's submission procedure has generated a series of state cases on the relationship between a submission and a plea of guilty. Most recently, the Arizona Supreme Court held that the submission procedure is not tantamount to a plea of guilty. *State v. Avila*, 127 Ariz. 21, 617 P.2d 1137 (1980) (en banc). Nevertheless, the court held that state procedure requires the trial judge to inform the defendant on the record of the range of sentences and special conditions of sentencing before the case is submitted. *Id.* at 24–25, 617 P.2d at 1140–41. The judge did not follow this procedure in this case. Failure to follow state procedure, however, is not a ground for federal habeas corpus relief. *Guzman v. Morris*, 644 F.2d 1295 (9th Cir.1981).

### 2. Constitutional Protections

■ At oral argument, the state conceded that the submission procedure is tantamount to a plea of guilty and requires the federal constitutional protections attendant to a plea of guilty. Without regard to the status of a submission as a matter of law, we agree that the due process protections for the waiver of constitutional rights apply equally to the submission procedure used here as they would to the entry of a plea of guilty.

■ At a minimum, the trial judge must inform the defendant, on the record, of his privilege against compulsory self incrimination, his right to a jury trial and his right to confront his accusers, and the consequences of waiving those rights. *Boykin v. Alabama*, 395 U.S. 238, 243–44, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969). In this case, the trial judge questioned Quiroz to make sure that he understood the rights that he was waiving by submitting his case.

■ Quiroz argues that the state record must affirmatively show that he was aware of the consequences of his submission including the maximum sentence. This contention is not supported by *Brady v. Unit-*

*ed States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970) or *United States v. Myers,* 451 F.2d 402 (9th Cir. 1972). Although due process requires that the defendant know the consequences of his waiver, including the maximum penalty, Quiroz submitted his case before we established our prophylactic rule requiring that the trial judge inform the defendant on the record of the maximum sentence. This rule was not established in *United States ex rel. Pebworth v. Conte,* 489 F.2d 266 (9th Cir.1974), in which we remanded for an evidentiary hearing to determine whether the defendant in fact knew of the maximum sentence even though the judge personally had not advised the defendant of it.

We have in later cases characterized *Pebworth* as requiring that the trial judge advise the defendant on the record of the maximum penalty. *Yellowwolf v. Morris,* 536 F.2d 813 (9th Cir.1976). This gloss, however, was intended as a prophylactic rule to ease the policing of waivers, *Miller v. McCarthy,* 607 F.2d 854 (9th Cir.1979), and ought not to apply retroactively to cases arising before *Yellowwolf. Pebworth* itself only required that the defendant know of the maximum penalty before he waived his rights. Quiroz submitted his case after *Pebworth* but before the prophylactic rule was announced in *Yellowwolf.* The district court's finding that Quiroz's attorneys informed him of the range of possible penalties was not clearly erroneous. Because Quiroz knew the limits of the potential sentence when he submitted his case, he made a voluntary and intelligent waiver of his constitutional rights.

3. Effective Assistance of Counsel

▆▆▆ Quiroz contends that he was denied the effective assistance of counsel at trial and on appeal in the state courts because of a language barrier. A defendant in a criminal trial is entitled to the assistance of a reasonably competent defense attorney. *Cooper v. Fitzharris,* 586 F.2d 1325, 1328 (9th Cir.1978), *cert. denied* 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979). For relief to be granted, actual prejudice must be shown. *Id.* at 1331. Quiroz was not denied the effective assist-ance of counsel. Despite the language barrier his principal trial counsel communicated the terms of the submission agreement to Quiroz and made sure that he understood the consequences of the submission including the maximum penalty.

Quiroz also claims ineffective assistance of counsel because his lawyers failed to object to procedural mistakes. We find this argument meritless.

AFFIRMED.