951 F.2d 360
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jimmy HAUL, Petitioner-Appellant,
v.
Gordon GRITTER, M.D., et al., Respondents-Appellees.
 No. 91-56012.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1991.*
Decided Dec. 19, 1991.
 
 Before WALLACE, Chief Judge, and SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jimmy Haul, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 Haul was charged with multiple counts of violent crimes including burglary, robbery, and mayhem, all committed against elderly persons. Haul waived his right to a jury trial and agreed to submit the case to a judge based on a stipulated record containing the preliminary hearing transcript, police reports, and psychiatric evaluations.[1] In his federal habeas petition, Haul alleged that (1) his waiver of his right to a jury trial was not voluntary and intelligent because he was not mentally competent to waive this right, and because the trial judge failed to inform him that a jury verdict had to be unanimous; and (2) he received ineffective assistance of counsel because his attorney allowed him to waive his right to a jury trial and failed to inform him that a jury verdict had to be unanimous.
 
 
 4
 To comport with due process, a guilty plea must be voluntary and intelligent. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). The defendant must be aware of the nature and elements of the charges against him and the possible punishment he faces. Id. The defendant also must understand that he is waiving his constitutional rights to avoid compulsory self-incrimination, to confront his accusers, and to a trial by jury. Id. In assessing the voluntariness of a guilty plea, statements made by the defendant contemporaneously with his plea should be accorded great weight. Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir.1986) (citing Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)). Moreover, to determine whether a defendant is competent to enter a guilty plea, the trial court must inquire whether he has the "ability to make a reasoned choice among the alternatives presented to him and to understand the nature of the consequences of his plea." Seiling v. Eyman, 478 F.2d 211, 215 (9th Cir.1973).
 
 
 5
 Here, the trial judge questioned both Haul and his attorney carefully before accepting Haul's waiver of a jury trial. Specifically, the trial judge asked Haul if he knew the difference between a jury trial and a court trial; Haul responded that at a jury trial he would have twelve other people to decide his guilt or innocence, but at a court trial the judge would make that decision. Moreover, the judge explained to Haul that he had a constitutional right to a jury trial and that only Haul, not his attorney, could make the decision to waive that right. The judge also informed Haul of the charges against him, the maximum sentence that he faced, and the constitutional rights he would be giving up by proceeding with a court trial on a stipulated record. Haul stated that he understood his rights and agreed to give them up. Furthermore, the judge told Haul that by agreeing to this procedure, he was incriminating himself and "in all probability admitting that [he] committed the crime charged in the Information." Finally, the judge informed Haul that based on the psychiatric evaluations, there was "a high probability the finding will be that you were sane at the time of the offense." At the conclusion of this discussion, the judge stated:
 
 
 6
 Mr. Haul, do you fully understand if you agree to this procedure and give up your right of self-incrimination, confrontation, and cross-examination, those witnesses who testified at the preliminary hearing ... and the police reports and the doctors' reports, that this will constitute the trial, that will be the only trial you have in the Superior Court. Do you understand that?
 
 
 7
 Haul responded: "Yes, sir." Therefore, the trial judge determined that Haul was competent to waive his right to a jury trial, and the judge accepted Haul's waiver. Haul also signed a written jury waiver form, which stated that he understood his right to a jury trial and agreed to waive it. The waiver form further stated that Haul's attorney had fully explained to him the terms "jury trial" and "court trial," and he understood the difference between these terms.
 
 
 8
 Given this record, the district court correctly determined that Haul's waiver of a jury trial was voluntary and intelligent. See Boykin, 395 U.S. at 242-43; Chizen, 809 F.2d at 562. Moreover, the fact that the trial judge did not specifically inform Haul that a jury verdict would have to be unanimous does not render his waiver involuntary or unintelligent; the judge's explanation of the right to a jury trial was adequate.
 
 
 9
 Similarly, the record supports the trial court's determination that Haul was mentally competent to enter a jury waiver. Despite his history of mental instability and the fact that he was on medication, Haul's responses to the judge's questions indicate that he understood the nature and consequences of waiving his right to a jury trial. See Seiling, 478 F.2d at 215 (9th Cir.1973). Moreover, when Haul entered his jury trial waiver, a psychiatric evaluation certified that he was competent to stand trial. Finally, Haul's decision to enter a jury waiver was a reasonable choice given the substantial evidence against him. Accordingly, we conclude that the trial judge did not deprive Haul of due process by failing to hold an evidentiary hearing on the issue of his competence. See Spikes v. United States, 633 F.2d 144, 145 (9th Cir.1980) (trial court must hold an evidentiary hearing if the evidence at the plea hearing shows that the judge could have a good faith doubt about the defendant's competence to plead guilty).
 
 
 10
 Haul's contention that he received ineffective assistance of counsel also fails because he has not shown that his counsel's conduct falls outside "the wide range of reasonable professional assistance." See Strickland v. Washington, 466 U.S. 668, 689 (1984). The state presented substantial evidence against Haul at the preliminary hearing, and thus his attorney was not ineffective merely because he allowed Haul to enter the jury waiver. Nor does the attorney's failure to inform Haul that a jury verdict would have to be unanimous constitute ineffective assistance. See id.
 
 
 11
 Accordingly, the district court did not err by denying Haul's habeas petition.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The parties agreed that Haul's waiver of a jury trial was actually a "slow guilty plea." Accordingly, Haul was entitled to the due process protections required for the entry of a guilty plea. See Quiroz v. Wawrzaszek, 749 F.2d 1375, 1377 (9th Cir.1984) (due process protections required upon entry of a guilty plea apply equally to an Arizona submission procedure whereby the defendant agrees to waive his right to a jury trial, and to submit the determination of his guilt or innocence to the court based upon a stipulated record), cert. denied, 471 U.S. 1055 (1985)